Graham *v.* Estate of Chandler.

---

AUSTIN P. GRAHAM *v.* *The Estate of* NEHEMIAH CHANDLER.

*Evidence.* *Contract.* *Deed.* *Interest.* *Limitations.* *Statute.* *Costs.*

In 1860, A. commenced an action in general assumpsit, in the common counts, against B. and C. In 1863 B. died, pending the suit, and the suit as to him was transferred by the statute to the commissioners on his estate, from whose decision an appeal was taken to the county court, and the case was referred in 1865. *Held,* that by the act of 1864, No. 31, A. was properly admitted as a witness before the referees, although they found that A.'s claim was not a joint claim against B. and C., but a several claim again…st B. except one item of his specification, in respect to which judgment was rendered in the original action against C. as a several claim, A. having proceeded in the original suit against C. as surviving defendant.

January 1st, 1854, B. agreed with A. that if A. would furnish B. with money to pay his debts he would let A. have his farm, and A.'s wife was to live thereon and take care of B. and his wife. A. moved his wife and family on to said farm in September, 1854, and removed them thence by agreement with B. in February, 1856, and had no further use of said farm. During this time A. furnished B. money to the amount of $1500. The farm was not conveyed to A. and no request of a conveyance was made until just before A. brought this suit in 1860, to recover back the money advanced, when B. refused to convey. It did not appear that A. ever refused to furnish B. with money, or failed to pay any of B.'s debts. The title was in B.'s son under a deed from B. fraudulent as to creditors. B.'s son knew of the contract with A. and assented to it. but it did not not appear that he was a party to it. *Held,* that there was a sufficient breach of the contract to enable A. to recover back the consideration paid, with interest on the several payments from their respective dates.

If the case is put on the ground of a mutual abandonment of the contract the result is the same.

The statute of limitations began to run only from the time the deed was demanded, that being the time the cause of action accrued.

IN this case the plaintiff presented to the commissioners of claims against the estate of Nehemiah Chandler, certain claims in his favor

against the estate which were disallowed by the commissioners ; from which decision and report the plaintiff took an appeal to the county court, which was duly entered at the December Term, 1864. The plaintiff's declaration setting forth his claims against the said estate contained two counts, one in *indebitatus assumpsit*, containing the common counts, and the other a count on *book account*. At the said last mentioned term, judgment to account was rendered on the count on book account, and Harmon Canfield and George W. Harman were appointed auditors. At the June Term, in 1865, the said cause, so far as it related to the count in *indebitatus assumpsit*, was referred by the agreement of the parties to the determination of the said Canfield and Harman as referees, and, at the same term, a suit then pending in this court, which was commenced by the plaintiff against the said Nehemiah Chandler and one George K. Chandler, on the 28th day of April, 1860, was by the agreement of the plaintiff and the said George K. Chandler, who was then the surviving defendant in the said suit, also referred to the determination of the said Canfield and Harman, as referees, and both causes were thereupon continued.

At the December Term, 1865, the auditors reported that there was nothing due from either party to the other to balance book accounts between them ; and final judgment on the said report was rendered in favor of the estate of Nehemiah Chandler against the plaintiff. To this judgment no exceptions were taken. The referees in this cause also made a report at the same term in favor of the plaintiff against the estate of Nehemiah Chandler in respect to the causes of action set forth in the count in *indebitatus assumpsit*, but, in and by the said report, they submitted the whole case to the court to render judgment according to law upon the facts by them reported ; and in their report the referees found that the same specification of claims was exhibited and the same facts appeared as in the said suit commenced by the plaintiff against Nehemiah Chandler and George K. Chandler, on the 28th day of April, 1860, as above mentioned—the said suit being an action of *indebitatus assumpsit* and being prosecuted after the death of Nehemiah Chandler, which occurred on the 9th day of July, 1863, against the said George K. Chandler, as surviving defendant.

In this suit, commenced in April, 1860, the referees reported at

the said December Term, 1865, "that it was claimed by the plaintiff that his claims were not joint claims against Nehemiah Chandler and George K. Chandler, and we find that there were no such joint claims, but that the plaintiff's claims were separate,—part against Nehemiah Chandler and part against George K· Chandler, they not having any joint interests or joint dealings with the plaintiff. The administrator pleaded the statute of limitations to the whole of said claims, which plea was traversed by the plaintiff.

On the further hearing, the plaintiff offered himself as a witness to sustain his claims; the administrator objected, but he was admitted as such witness.

From the testimony of the plaintiff and other evidence, we find that said Nehemiah owned a small farm in Winhall, and the stock upon it, all worth about $1,400. which farm he had conveyed to his son George, by a deed fraudulent and void as to creditors, said Nehemiah still remaining in the possession and control of the farm and stock, and said George residing with him. Upon this farm there were two mortgages. Afterwards, on January 1st, 1854, said Nehemiah agreed with the plaintiff, that if the plaintiff would furnish said Nehemiah with money, to pay his debts, he would let the plaintiff have his, the said Nehemiah's said farm and personal property; and the plaintiff's wife, who was Nehemiah's daughter, was to live there and take care of Nehemiah and his wife, to which agreement said George directly after assented and acquiesced, and the plaintiff moved his wife and family on to said farm in September, 1854, and removed them thence, by arrangement with said Nehemiah, in February, 1856; and had no further use of said farm or of any of said personal property.

We disallow $50. of item No. 13, because said George had it to his own use; and we have allowed the $50. to the plaintiff against said George in the suit commenced as aforesaid by the plaintiff against him and said Nehemiah." With some exceptions, not necessary to specify, the referees found that the other items in the plaintiff's specification were furnished by the plaintiff to said Nehemiah under said agreement, at the respective dates prefixed to each, amounting to about $1500.

"Without the testimony of the plaintiff we do not find all of said claims established; and if we erred in admitting his testimony, then

a large portion of said claims should be disallowed as not proved. Nothing was done about conveying the farm to the plaintiff, and no request to do so was proved, until just before commencing said suit the plaintiff demanded of said Nehemiah a conveyance of the farm and the personal effects,, to which the said Nehemiah replied that the plaintiff had not done as he agreed, and he, the said Nehemiah, should not do as he had agreed. No request to said George to convey said farm was proved. And it appeared that said George sold said farm to one Cressy, in 1863,"

At the same December Term, 1865, final judgment was rendered in favor of the plaintiff against George K. Chandler, on the said report last mentioned, for the sum of fifty dollars with interest, and for full costs of suit up to and including the present term; and to this judgment no exceptions were taken.

On the hearing on the report of the referees in this cause, at the said December Term, 1865, KELLOGG, J. presiding, it was considered and adjudged by the court, pro forma, that the plaintiff should recover against the said estate of Nehemiah Chandler the amount of each of the items in the plaintiff's specification of his claims, which were allowed by the said referees, with interest on each of the said items from the dates of the same, respectively, and also for full costs of suit in the said suit commenced on the 28th day of April, 1860, up to the time of the appointment of commissioners of claims against the estate of the said Nehemiah, and also for the costs arising on the plaintiff's appeal in this cause from the decision and report of the commissioners in the matter of his claims against the estate of the said Nehemiah. For that part of the said costs allowed in favor of the plaintiff against the estate of Nehemiah Chandler, which was also included and allowed in the judgment in favor of the plaintiff against George K. Chandler, the plaintiff's counsel claimed a judgment against the estate of the said Nehemiah Chandler, notwithstanding the same was included in his said judgment against George K. Chandler, but stated that he did not claim that the plaintiff had, or would have, any right to take more than one satisfaction for this part of the costs if the same were included in both of the said judgments. To the said judgment, the administrator of the estate of Nehemiah Chandler excepted.

*Miner & Prindle* and *Daniel Roberts*, for the defendant.

*Butler & Wheeler*, for the plaintiff.

The opinion of the court was delivered by

PECK, J. The counsel for the defence insist that the referees erred in admitting the plaintiff as a witness. By the general statutes he would be excluded. But the act of 1864, provides that the provision in the general statutes which excludes a party as a witness in his favor when the other party is dead, shall not in any manner affect any suit brought or pending on the first day of August, 1863. The suit was brought to recover this demand prior to August 1st, 1863. The question is whether that was the same suit in which the hearing was had before the referees whose report is now before us in this case. The original suit was general assumpsit in favor of this plaintiff against Nehemiah and George K. Chandler. Nehemiah Chandler died and the claims embraced in the suit were presented before the commissioners on his estate, an appeal to this court from their decision, a reference of the cause, and report of referees. The defendant, Nehemiah Chandler, having died pending the original suit, the suit as to him was transferred by the statute to the commissioners on his estate. There is no doubt but that this suit is a continuation of the original suit for the purposes of this question, unless there is something peculiar in relation to it that takes it out of the general rule. The ground relied on by the defendant is that the original action was a joint action against the intestate and George K. Chandler, and that the referees have found that the claim was not a joint claim, but a several claim against the intestate, except $50. which the intestate was not liable for, but which was a several claim against said George K. Chandler ; and that it appears that a judgment was rendered against said George K., in the original suit, by the county court at the same time the judgment was rendered in this case. We see no reason why this is not to be regarded as the same suit that was pending against the intestate and George K. Chandler, his son. That was a suit in which, had the intestate lived, the plaintiff might have recovered against him his whole claim which the referees find against the defendant. It is true had the case been tried in the intestate's life time, the plaintiff, in order to obtain a judgment against him, would have been obliged to submit to a judgment in favor of

George K. But the reason for that is, that a plaintiff can not re-cover a judgment at law in the same suit, and in the same court, for one sum against one defendant and for a different sum against another defendant, and that while in such case there are two or more defendants in court, in order for the plaintiff to recover against all, he must prove a joint claim. But where the intestate died and the suit was discontinued as to him, and transferred to the commissioners, this technical difficulty of rendering two such judgments is removed; and it is by no means clear that the plaintiff might not legally recover against George K. Chandler, even if he fails to make out that it was a joint claim against both. But whether the plaintiff could legally have recovered against George K. or not, had George K. raised the question, the fact that he has so recovered since the hearing before the referees, does not show that the hearing before the commissioners and referees was not a continuation of the original suit transferred to another tribunal. It is said that the proceeding before the commissioners was not a con-tinuation of the original suit, because the plaintiff elected to proceed in the original suit against the surviving defendant. But the suit as to the intestate was transferred to the commissioners by operation of law, and whether the plaintiff could also retain the suit in the county court and there recover against George K. Chandler, on one of the claims that turned out to be a several claim against him, is immate-rial. If he did so, it is a matter between them; it does not prejudice the plaintiff's right against the intestate in the other tribunal. The plaintiff was properly admitted as a witness by the referees.

It is contended on the part of the defence that there was not such a breach on the part of the intestate in neglecting to deed the farm to the plaintiff, as to entitle the plaintiff to recover back the money he advanced as the consideration for it. The contract found by the referees is, that the intestate, in January, 1854, agreed with the plaintiff that if the plaintiff would furnish him money to pay his debts, he would let the plaintiff have his farm and personal property, and the plaintiff's wife was to live there and take care of the intes-tate and his wife. The report shows that the plaintiff removed his wife and family on to the farm in September, 1854, and removed from there by agreement with the intestate in 1856, and had no fur-

ther use of the farm or personal property. The referees find that the items of cash that they allow amounting to some $1500. were furnished by the plaintiff under the contract. Just before the suit was commenced the plaintiff demanded a deed of the intestate and he refused, saying the plaintiff had not done as he agreed, and that he, the intestate, should not do as he agreed. It does not appear but that the plaintiff furnished all the money that the intestate ever called for, nor does it appear that there were any debts of the intestate that the plaintiff did not pay, or furnish the money to pay. The money the plaintiff was to pay was in effect payable only on request. The title of the farm, it is true, was in George K. Chandler, the plaintiff's son, under a deed from the intestate fraudulent as to creditors. George K. it appears, knew of the contract with the plaintiff, and assented to it, but it does not appear that he was a party to the contract with the plaintiff. It was the duty of the intestate to procure the conveyance from his son. We think there was a sufficient breach of the contract to enable the plaintiff to recover back the consideration paid, especially as there was no offer of the administrator to convey the farm to the plaintiff, but on the contrary, it appearing that George K. Chandler has sold and conveyed the farm to another person. If the case is put on the ground of a mutual abandonment of the contract, the result is the same.

As to the statute of limitations relied on in defence, it is clear that the right of action did not accrue till the demand of the deed just before the commencement of the suit.

It is again insisted that the court erred in allowing interest on the account from the date of the items, respectively. It is claimed that interest can not be allowed till the debt became due, and hence if the right of action did not accrue till the demand of the deed, the interest should be computed only from that date. It is undoubtedly true, as a general rule, that where a party stipulates to pay a sum of money at a particular time, and there is no agreement to pay interest, the interest is computed only from the time the debt becomes payable. But the rule does not apply to a case where a plaintiff recovers back the consideration he has advanced under a special contract on the ground of a breach of the contract by the defendant. In such case the ground of the action is the breach of the contract by the defend-

ant, and if the plaintiff elects to recover back the consideration, instead of special damages for the breach, interest is computed not merely from the time of the breach, but from the time the consideration was advanced, unless there are some special circumstances that render it inequitable. This only restores the plaintiff to what he has lost by the refusal of the defendant to perform specifically the special contract.

Judgment affirmed.