ALLEN STONE v. PERLEY STONE.

*Assumpsit.　Contract.　Compensation for Labor.*

Where one goes to work for another under an agreement to be compensated in a particular way, he is entitled to compensation in money upon the refusal of the other to compensate him as was agreed upon.

The plaintiff and defendant entered into a parol agreement, by which the plaintiff was to go to work for the defendant on his farm and help him pay off some incumbrances thereon, and the defendant was to deed the plaintiff one half the farm, no definite time for making the deed being agreed upon. The plaintiff worked from May 1st to November under the agreement, the defendant neglecting upon repeated ·demands to make the deed, and in November the plaintiff left upon giving notice that he should leave unless the defendant gave him the deed, which he still neglected to do. *Held,* that the plaintiff could recover in *assumpsit* for his labor.

ASSUMPSIT, heard on the report of a referee at the December term, 1869, STEELE, J., presiding. Judgment for the plaintiff, on the report, for ninety-two dollars and eighty-five cents. Exceptions by defendant.

The referee reported as follows: I find in the month of November A. D., 1864, the defendant was the owner of a farm situated in the town of St. Johnsbury, which was considerably encumbered by mortgages ; that he also owned a stock of cattle and some farming tools, all of which were in the defendant's possession on the said farm. That the plaintiff came from the West, in the month of November, 1864, and the defendant then proposed to the plaintiff to deed him one half of his farm, and give him one half of the stock and farming tools, if the plaintiff would go to work on the farm with the defendant and help him pay off the debts and raise the encumbrances, which proposition was accepted by the plaintiff.

I find that there was no time agreed upon by the parties at which deeds and other writings should be made. In pursuance of the above stated agreement, the plaintiff commenced work on the farm on or about the first of May, A. D., 1866, and continued to work there until the first of November next following. There was nothing said by or between the parties at the time the agreement was made, or during the plaintiff's stay upon the farm, about the plaintiff giving the defendant any obligation in writing that he, the plaintiff, would discharge and fulfil his part of the agreement. I find that the plaintiff commenced work upon the farm without any deed, and that at this time there was a mutual understanding between the parties that the deed should be made at some convenient time thereafter ; that the defendant at no time expressly refused to deed to the plaintiff, but that plaintiff repeatedly requested defendant to execute the deed to him, and the defendant as often neglected until about the first of November A. D., 1866, the plaintiff told the defendant that unless he gave him his deed he should leave the premises and abandon his agreement; and upon defendant's failure or neglect to execute the deed, the plaintiff ceased to work longer upon the farm. I find that the plaintiff never offered or in any way tendered the defendant any written obligation binding himself to fulfil his part of the agreement.

Upon this state of facts the plaintiff claims to recover of the defendant certain sums contained in his specifications, among which were items for his labor on said farm as above explained.

*J. D. Stoddard,* for the defendant.

*W. A. Pierce,* for the plaintiff.

The opinion of the court was delivered by

BARRETT, J. The defense to this action is put on the ground that the parties were tenants in common during the time the plaintiff was performing and doing what he claims to recover for. Clearly this cannot be maintained. The plaintiff acquired no title to the farm by the parol agreement under which he went to work upon it. A deed from his father, the defendant, conformably to said parol agreement, was necessary in order to create such a tenancy between them. If the defendant had deeded as he agreed to, the occasion and cause of the present suit would not have arisen. But the defendant having refused to perform on his part the agreement in pursuance of which the plaintiff had done what he now claims to recover for, and what he thus did inuring to the benefit of the defendant, it seems clear on very common and familiar principles that the plaintiff should have pay of the defendant for what he thus did. He did it at the request of the defendant, and was to be compensated in a particular way. The defendant, refusing to compensate him in the way agreed, is liable to make compensation in money.

The principle of the decision in *Graham* v. *Estate of Chandler*, 38 Vt., 559, is applicable in this case; and in leading facts the cases bear a close analogy with each other. Counsel for defense, by his brief and argument, obviously did not rely on points of objection to particular items allowed by the referee and the county court, but on the broad ground above indicated.

We think the judgment was right, and it is affirmed.