### WILLIAM MULLIN *v.* DAVID F. ROWELL.

*Motion to Set Aside Verdict. Supreme Court. Practice.*

The Supreme Court will not pass upon a motion to set aside a verdict on the ground of irregularities in the conduct of the jurors and the officer having them in charge, when the court below, instead of finding and certifying the facts, merely attaches to the exceptions affidavits of the counsel, the jurors, and the officer, tending to sustain the motion.

TRESPASS with a count in case for poisoning the plaintiff's cattle. Plea, not guilty. Trial by jury, September term, 1882, Rutland County, VEAZEY, J., presiding. Verdict and judgment for the plaintiff.

The defendant filed a motion to set aside the verdict, alleging, (1) that it was against the evidence; (2) that the jurors excluded the officer having them in charge from the room when they were deliberating upon the verdict; and (3) that the jurors were allowed to separate, after receiving the cause from the court and before sealing up and returning the verdict. The court overruled the motion; but instead of finding and certifying the facts bearing upon the motion, it merely attached to the excep-

tions the affidavits of the defendant's counsel, the jurors, and the sheriffs having them in charge.

*W. C. Dunton* and *P. R. Kendall*, for the plaintiff.

*Joel C. Baker* and *D. E. Nicholson*, for the defendant.

The opinion of the court was delivered by

ROWELL, J.   There is nothing before us on which to act.   The court below has sent up the testimony taken and filed, on the question raised by the motion, but has certified up no facts found therefrom.   This court does not sit in cases of this kind to find facts.                                   Affirmed.