STATE *vs.* JOSEPH WARNER.

October Term, 1895.

Present: ROSS, C. J., ROWELL, MUNSON, START and THOMPSON, JJ.

*Exception—Evidence—Argument—Motion in Arrest.*

No error is found in the charge, no exception having been taken to the omission now complained of, and that portion to which exception was taken being correct.

The child claimed that she was assaulted by the defendant in one of several sheds, and a witness for the State testified that he examined the sheds soon after the assault was alleged to have been committed and found in one of them the tracks of a man and a child. *Held*, that the court was justified in treating this as an item bearing upon the issue.

The State's Attorney, having testified in the case contrary to the testimony of the respondent, had a right to argue upon the theory that his testimony was true and the respondent's wilfully false. The court properly refused to charge that if there was any doubt as to which was right, the State's Attorney or the respondent, the respondent's version must be adopted.

A motion in arrest can be sustained only for matter apparent of record.

A motion to set aside a verdict will not be heard in this court on affidavits.

INFORMATION for assault with intent to ravish. Plea, not guilty. Trial by jury at the April Term, 1895, Franklin County. *Tyler*, J., presiding. Verdict, guilty, and judgment thereon. The respondent excepted.

The claim of the prosecution was that the respondent committed the assault upon a girl of eight years in a shed.

The State's Attorney testified that the respondent, while in jail admitted to him that he was with the girl in the shed. The respondent upon the stand denied that he was in the shed and denied that he made the admission.

In argument the State's Attorney, referring to the contradiction, said, "I do not think a man who will go on the stand and make the contradictions this man made will stop at anything, even so heinous as the crime charged against him here today." To this remark the respondent was allowed an exception.

After verdict, the respondent moved that sentence be arrested and the verdict set aside on the ground that before the empanelling of the jury the State's Attorney had misled the respondent's counsel into the belief that he would not be used as a witness upon the subject of the respondent's admission to him, in consequence of which they omitted to challenge certain talesmen who would have been objectionable as former neighbors of the State's Attorney; and on the ground that they had been deceived as to what his testimony would be, by reason whereof they failed to object seasonably to the State's Attorney's evidence; and on the ground that the counsel for the prosecution in his closing argument made unwarranted statements of fact and unjustly contrasted the characters of the State's Attorney and the respondent. Affidavits were filed in support of the motion.

The motion was denied and the respondent allowed an exception to the denial, "if entitled thereto as a matter of law."

*C. G. Austin,* for the respondent.

The judgment should be reversed for misconduct of counsel. *State* v. *Hannett,* 54 Vt. 83; *Magoon* v. *B. & M. R. Co.,* 67 Vt. 177; *Rea* v. *Harrington,* 58 Vt. 181; *Bullard* v. *B. & M. R. Co.,* 64 N. H. 27; *Perkins* v. *Burley,* 64 N. H. 524; *Coble* v. *Coble,* 79 N. C. 589; *Angelo* v. *The People,* 96 Ill. 209; *State* v. *Smith,* 75 N. C. 306; *Devries* v. *Phillips,* 63

N. C. 53; *State* v. *Williams*, 65 N. C. 505; *State* v. *Underwood*, 77 N. C. 502; *Bulloch* v. *Smith*, 15 Ga. 395; *Mitchum* v. *State*, 11 Ga. 633; *Rolfe* v. *Rumford*, 66 Me. 564; *Ferguson* v. *State*, 49 Ind. 33.

The motion in arrest should have been sustained. *State* v. *Williams*, 27 Vt. 724; *Dow* v. *Hinesburgh*, 1 Aik. 35; *Stanton* v. *Bannister*, 2 Vt. 464; *Magoon* v. *B. & M. R. Co.*, *supra*.

*Isaac N. Chase*, State's Attorney, for the State.

The argument was justified by the evidence. *Rea* v. *Harrington*, 58 Vt. 181; *Proctor* v. *DeCamp*, 83 Ind. 559; *Combs* v. *State*, 75 Ind. 215; *Battishill* v. *Humphreys*, 64 Mich. 514; *Morrison* v. *State*, 76 Ind. 335.

No exception lies to the refusal to entertain the motion. *State* v. *Haynes*, 35 Vt. 565.

A motion in arrest reaches only matters of record.

MUNSON, J. The mother of the child alleged to have been assaulted was called to establish the fact that an immediate complaint was made. In spite of the efforts of counsel and court, and evidently from a failure to comprehend the limit of admissibility, she interjected some improper statements regarding the complaint. But the only part of her testimony covered by an exception was a direct affirmative answer to the question whether the child complained of having been ill-treated by anybody. The respondent also excepted to what the court charged in regard to this testimony; but his present contention is that the jury should have been told to disregard the improper portions of it. There was no error in the charge as given, for the court referred to the testimony merely as evidence that a complaint was made. The respondent cannot complain of the omission referred to, for there was no exception to a failure in that respect. He would undoubtedly have had the benefit of such an instruction if it had been suggested.

The child claimed that the assault was made in one of sev-

eral sheds in a certain locality, and the state produced a wit-
ness who testified that he examined these sheds just after the
assault was alleged to have been committed, and found in
one of them the tracks of a man and a child. The court was
clearly justified in referring to this as an item of testimony
bearing upon the issue.

The State's Attorney testified to certain material state-
ments of the respondent, which the latter denied having made.
In commenting upon this denial in his argument to the jury,
the State's Attorney said in substance that a man who would
do that would stop at nothing. This argument was based
upon the testimony, and cannot be held a legal error. The
Attorney had a right to argue upon the supposition that his
own testimony might be found true, and that of the respond-
ent a deliberate perjury. Nor was the respondent entitled to
a charge that if there was any doubt as to what passed
between him and the State's Attorney, his own version
must be adopted.

The respondent filed a motion in arrest of sentence, and
that the verdict be set aside. The motion was based upon
matters outside the record, and was supported by affidavits.
The case comes up with the affidavits attached to the motion,
and without any finding of facts by the court. A motion in
arrest can be sustained only for matters apparent of record.
*Walker* v. *Sargeant*, 11 Vt. 327. A motion to set aside a
verdict will not be heard in this court on affidavits. *Mullin*
v. *Rowell*, 56 Vt. 301.

*Judgment that respondent takes nothing by his exceptions.*