Cornelius Moran, by his father and next friend, John Moran, and John Moran v. The Versailles Traction Company, Appellant.

*Negligence—Street railways—Alighting from car—Child of tender age.*

In an action against a street railway company to recover damages for personal injuries to a boy eight years old, incurred while alighting from a car, the case is for the jury where there was evidence that the boy intended and attempted to get off the car at a crossing, but was prevented from doing so by the fact that the car did not stop long enough for him to do so, and where there was also conflicting evidence as to whether he was jolted from the car, or fell off or jumped off.

Argued Oct. 31, 1898.    Appeal, No. 41, Oct. T., 1898, by defendant, from judgment of C. P. No. 1, Allegheny Co., Dec. T., 1896, No. 289, on verdict for plaintiff.    Before GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.    Affirmed.

Trespass for personal injuries.    Before COLLIER, J.

At the trial it appeared that at about five o'clock in the afternoon on September 6, 1896, Cornelius Moran, a boy about eight years old, was injured while alighting from one of defendant's electric cars.    The boy was in charge of his sister, about thirteen years old, and his cousin, a girl about fourteen years old. When the car reached the Twelfth street crossing in the city of McKeesport it stopped, and the two little girls succeeded in getting off.    There was evidence that the little boy followed the girls to the platform, and before he could get off, and about the time he got on the step, the car started, and the boy was jolted or fell off the car.    There was also evidence that he jumped off.    The evidence tended to show that the conductor was negligent in starting the car before the boy had alighted, and that the motorman had not taken proper precautions to prevent the accident.

The trial court refused defendant's request for binding instructions. [4]

Verdict for Cornelius Moran for $2,500.    Verdict for John Moran for $500.

Two actions were brought, one by the father and one by the son.

After judgment was entered upon the verdicts, the two actions by order of court were consolidated as provided by act of assembly.

*Error assigned* among others was (4) refusal of binding instructions.

*W. H. S. Thomson,* with him *T. C. Jones* and *Frank Thomson,* for appellant, cited Sandford v. R. R., 136 Pa. 95.

*E. G. Ferguson,* with him *B. H. Pettes, H. J. McAllister* and *J. S. Ferguson,* for appellees, cited Krepps v. Carlisle, 157 Pa. 358; Knapp v. Griffin, 140 Pa. 604; Pittsburg, Allegheny & Manchester Pass. Ry. Co. v. Caldwell, 74 Pa. 421; Reber v. Traction Co., 179 Pa. 339; Sandford v. R. R., 136 Pa. 95.

PER CURIAM, November 14, 1898:

There was evidence that the boy intended and attempted to get off the car at the Twelfth street crossing, but was prevented from doing so by the fact that the car did not stop long enough for him to do so. Whether there was negligence in this respect was necessarily for the jury. There was also conflicting evidence as to whether he was jolted from the car, or fell off or jumped off, and this matter also required the determination of the jury. In these circumstances the court could not withdraw the case from the jury.

Judgment affirmed.