LOUISE DAVIS *v.* ALBERT STREETER.

May Term, 1902.

Present: ROWELL, C. J., TYLER, MUNSON, WATSON, STAFFORD and HASELTON, JJ.

Opinion filed February 25, 1903.

*Common counts—Special contract—Abandonment—Quantum meruit—Improper remarks by counsel—Motion for judgment non obstante.*

One cannot except to hearsay testimony brought out by himself on cross-examination.

Improper comments of counsel which are peculiarly within the province of the trial Court to deal with, do not afford grounds for reversal.

A judgment *non obstante* will not be rendered for a defendant,—at least not where the issues are as they were here.

Services rendered under a special contract which one is forced by the other party to abandon, may be recovered for under the common counts.

One forced by the other party to abandon a special contract is excused
from demanding performance before bringing suit.

GENERAL ASSUMPSIT.  Pleas, the general issue and pay-
ment.  Trial by jury at the March Term, 1901, Chittenden
County, *Start,* J., presiding.  Verdict for the plaintiff.  De-
fendant's motion for judgment *non obstante* overruled.  Judg-
ment on verdict.  The defendant excepted.

*L. F. Wilbur* and *Cushman & Sherman* for the defendant.

The plaintiff's services were rendered under a special con-
tract, and her action must be on the contract.  *Camp v. Barker,*
21 Vt. 469; *Curtis v. Smith,* 48 Vt. 116.

The testimony of Mary Gokey turned out on cross-exam-
ination to be hearsay.  It was not withdrawn or stricken off.
It was seasonably excepted to.  The remark of plaintiff's coun-
sel was improper.  It was not withdrawn or dealt with by the
Court.  *Machine Co. v. Holden,* 73 Vt. 403; *Magoon v. Rail-
road Co.,* 67 Vt. 199; *Bullard v. Railroad Co.,* 64 N. H. 27.

The defendant's motion for a judgment notwithstanding
the verdict should have been granted.  *Gage v. Barnes,* 11
Vt. 195; *Hackett v. Hewett,* 57 Vt. 442.

There was no evidence that the plaintiff ever demanded a
deed of any part of the defendant's farm or property.  *Graham
v. Est. of Chandler,* 38 Vt. 559.

*M. G. Leary* and *V. A. Bullard* for the plaintiff.

When the defendant forced the plaintiff to leave his prem-
ises, she had the right to call the special contract at an end
and to recover for her services in an action of general assump-
sit.  *Stone v. Stone,* 43 Vt. 180; *Sherman v. Transportation
Co.,* 31 Vt. 162; *Derby v. Johnson,* 21 Vt. 17; *Graham v.*

*Chandler's Est.* 38 Vt. 559; *Wilkins* v. *Stevens,* 8 Vt. 214; *Wainwright* v. *Straw,* 15 Vt. 215; *Stevens* v. *Talcott,* 11 Vt. 25; *Mattocks* v. *Lyman,* 16 Vt. 113, 18 Vt. 98.

The objectionable testimony of Mary Gokey was brought out by the defendant in cross-examination and should not prejudice the plaintiff.

The remark by plaintiff's counsel was not of such a character as to demand special attention.   *Machine Co.* v. *Holden,* 73 Vt. 403; *Magoon* v. *Railroad* Co., 67 Vt. 177; 2 Ency. Pl. & Pr. 630, note 4; Note to *McDonald* v. *People,* 9 Am. St. Rep. 569.

A motion for judgment *non obstante* will not be granted to the defendant.   2 Bouvier's Law Dict. 14; 1 Chit. Pl. 688, and cases cited.

HASELTON, J.   This was an action of general assumpsit. The plaintiff was a widow with two children, and the defendant was a single man and owned a farm in Bolton upon which he lived.   A transcript of the entire case was made a part of the exceptions for the purpose of showing the claims of the parties and the tendency of the evidence.

The plaintiff claimed, and there was evidence tending to show, that at some time in the fall of 1891, she went to work for the defendant, at his house, under an agreement with the defendant, to the effect, that, if she would do so, and live and work at his house, and help about paying for the farm, he would will or deed her a part of the farm, and board her children and give them a home, and would marry her; that from a time in the fall of 1891 until May, 1901, she was at the defendant's house, working faithfully for him, except during several short intervals when she was away from his house on account of his ill-treatment of herself and her children; that

after each of these intervals she returned to the defendant's service upon his persuasion; that her services to the defendant were performed in reliance upon the agreement referred to above; but that about May 22, 1901, by reason of the defendant's ill-treatment of her, and his refusal to support or have in his house one of said minor children, and his refusal to permit her to carry out the contract on her part or to remain upon his premises, she abandoned the defendant's house and employment, and never returned.    In short, the plaintiff claimed, and there was evidence tending to show, that the defendant compelled the plaintiff to abandon such contract.

The defendant's testimony tended to show that the plaintiff did not work for him under any such agreement as the plaintiff claimed to have existed; but his claim was, and the testimony on his part tended to show, that the plaintiff worked for him during the time to which her claim for recovery related, or during the same time substantially, under an agreement by which he was to pay her $1.00 a week, and board her children and give them a home; that he had fulfilled the contract on his part, settling with her from time to time, and making a final settlement; that he did not in any way abuse her or her children and that she left his service because she chose to leave it.

The plaintiff improved as a witness one May Gokey, who stated, on cross-examination by the defendant, that the defendant, on one occasion, kicked the plaintiff and dragged her out of the house.   The record then proceeds:

Q.   "What Streeter told you this?   A.   Archie Streeter. A cousin to Albert as far as I know.

By the Court:   This testimony is not admissible."

To this testimony the defendant excepted.   The exception, however, cannot be sustained, the defendant himself hav-

ing brought out this hearsay evidence, and its inadmissibility having been promptly declared by the Court.

In the course of the cross-examination of the defendant by the plaintiff's counsel, the cross-examination counsel said to the ·witness: "You are pretty willing to swear to anything." The defendant objected to what was so said, and asked to have it spread upon the record and to be allowed an exception. The request was granted, and the exception allowed. The plaintiff's counsel then said: "Spread it upon the record." To this remark the defendant asked for an exception, which was allowed.

A review of the case shows clearly that the remark, "You are pretty willing to swear to anything," was a comment upon testimony which the defendant had given, and could not have been understood as a statement or suggestion of matter foreign to the evidence. Yet the remark, not being made in argument but during the introduction of evidence, was irregular and improper. The irregularity and impropriety were, however, peculiarly for the trial Court to judge of and to deal with, in view not only of what was said, but also of the whole previous course of the trial, and of the manner of both the witness and the examiner. The testimony of the plaintiff and that of the defendant, concerning matters about which both must have known, were so irreconcilable that, in the regular course of argument to the jury, counsel for either party would have been warranted in claiming that the other party had been testifying in disregard of the truth. *State* v. *Warner,* 69 Vt. 30, 37 Atl. 246. It cannot reasonably be conceived by this Court that, after this case had been duly argued and submitted to the jury, the deliberations of that body were influenced by either of the remarks to which exception was taken. They constituted an

incident of the trial which should have been avoided, but there was not reversible error in connection therewith.

The various aspects of the case, as presented by the evidence, were submitted to the jury in a charge to which no exceptions were taken, and the jury returned a verdict for the plaintiff. After the verdict was returned, the defendant moved for judgment in his favor *non obstante veredicto,* on the ground that the entire claim of the plaintiff for services was under special contract or contracts not declared upon. This motion was overruled, and the defendant excepted.

In any view of the case the motion was properly overruled. In this jurisdiction a judgment *non obstante* will not be entered in favor of the defendant, at least not where the issues are as they were in this case. *Trow* v. *Thomas,* 70 Vt. 580, 41 Atl. 652; *Bradley Fertilizer Co.* v. *Caswell,* 65 Vt. 231, 26 Atl. 956; *French* v. *Steele,* 14 Vt. 479; *Stoughton* v. *Mott,* 15 Vt. 162. In *Hackett* v. *Hewett,* 57 Vt. 442, 52 Am. Rep. 132, judgment for the defendant was rendered on what was called a motion for judgment notwithstanding the verdict; but, as is pointed out in *Trow* v. *Thomas,* above cited, the motion on which judgment was rendered in the Hackett case was in reality a motion in arrest of judgment on the ground that it appeared by the writ and declaration that the plaintiff had no cause of action. What was said in this regard in *Gage* v. *Barnes,* 11 Vt. 195, was outside of the question under consideration, and the pleadings in that case were entirely different from those in the case at bar.

However, at the beginning of the plaintiff's testimony, evidence was admitted under objection and exception which fairly presents the question whether there was any evidence on the part of the plaintiff tending to support a recovery under the common counts. Upon consideration of this question, it is

held that the evidence hereinbefore referred to tending to show that the plaintiff rendered services to the defendant under a special contract which the defendant forced her to abandon, was evidence tending to support a *quantum meruit* recovery under the common count for work, labor, care and diligence of the plaintiff done and performed about the business of the defendant, and for the defendant, and at his request.  *Stone* v. *Stone,* 43 Vt. 180; *Sherman* v. *Champlain Transportation Co.,* 31 Vt. 162; *Derby* v. *Johnson,* 21 Vt. 17; *Mattocks* v. *Lyman,* 16 Vt. 113; *Chamberlin* v. *Scott,* 33 Vt. 80.  In so far as the evidence had a tendency to show that the defendant compelled the plaintiff to abandon further performance on her part, under the special contract, it tended to excuse the plaintiff from demanding performance thereunder on the part of the defendant before she instituted this action.    The cases cited by the defendant as inconsistent with the view here taken are readily distinguishable.    The cases so cited are *Myrick* v. *Slason,* 19 Vt. 121; *Camp* v. *Barker,* 21 Vt. 469, and *Curtis* v. *Smith,* 48 Vt. 116.

The trial Court rendered judgment for the plaintiff, and that judgment is

*Affirmed.*