CLARENCE G. STODDARD *v.* CAMBRIDGE MUTUAL FIRE
INSURANCE CO.

January Term, 1903.

Present: MUNSON, START, WATSON, STAFFORD and HASELTON, JJ.

Opinion filed March 13, 1903.

*Bill of exceptions—Reference to testimony—Presumption
against excepting party—Motion for verdict—Motion
for judgment non obstante.*

When the whole testimony is referred to in a bill of exceptions and
only a part is furnished, and the bill does not show that such part
includes all the testimony bearing upon the questions raised, it
cannot be said that the trial Court erred in overruling a motion for
a verdict.

A motion for a judgment *non obstante* is not granted in favor of a de-
fendant when the pleadings are as they are here.

Doubts raised by a bill of exceptions are solved against the excepting
party.

GENERAL AND SPECIAL ASSUMPSIT on a fire insurance
policy. Plea, the general issue. Trial by jury at the Sep-
tember Term, 1902, Windham County, *Tyler,* J., presiding.
Defendant's motion for verdict overruled. Verdict for
plaintiff. Defendant's motion for judgment *non obstante*
overruled. Judgment on verdict. The defendant excepted.

*Waterman & Martin* and *Gilbert A. A. Pevey* for the
defendant.

There is nothing in the case to show that the defendant,
at the time of the commencement of the suit, was doing busi-
ness or had any office or place of business in this State, or
that the persons alleged as trustees were the authorized agents

of the defendant. So the jurisdiction of the Court does not appear. *Aldrich* v. *Blatchford,* 17 Mass. 371; *Johnston* v. *Insurance Co.,* 132 Mass. 432; *Rogers* v. *Association,* 157 Mass. 373; *Osborne* v. *Insurance Co.,* 51 Vt. 278; *Sawyer* v. *Insurance Co.,* 46 Vt. 704; *Mill Co.* v. *Insurance Co.,* 3 Vroome, 15; *Milk Co.* v. *Brandenburg,* 11 Vt. 111.

The provision for arbitration was valid, and a condition precedent to a right of action. *Hutchinson* v. *Insurance Co.,* 153 Mass. 143; *Hamilton* v. *Insurance Co.,* 137 U. S. 385; *Fisher* v. *Insurance Co.,* 95 Me. 486; *Insurance Co.* v. *Morton,* 106 Tenn. 858.

There having been no arbitration or attempt on the part of the plaintiff to procure one, this action is premature. *Cook* v. *Insurance Co.,* 181 Mass. 103.

There is no evidence of a waiver of the arbitration clause or of any denial of liability before the suit was brought. *McDowell* v. *Insurance Co.,* 164 Mass. 447.

*Clarke C. Fitts* for the plaintiff.

An action on an insurance policy is transitory. V. S. 4165; *Osborne* v. *Insurance Co.,* 51 Vt. 281; *Johnston* v. *Insurance Co.,* 132 Mass. 432.

But here the question is not raised by a plea to the jurisdiction; the defendant appears generally and goes to trial on the general issue, which gives jurisdiction. 2 Enc. Pl. & Pr. 642; *Dartt* v. *Bank,* 27 Barb. 337; *Platt* v. *Manning,* 34 Fed. 17; *Railroad Co.* v. *Cox,* 45 U. S. 593.

By proceeding with its defense, the defendant waived its exception. *Paine* v. *Webster,* 64 Vt. 105.

The motion for judgment does not raise the question of jurisdiction. *Cobb* v. *Cowdery,* 40 Vt. 27; *Walker* v. *Sargent,* 11 Vt. 327; *Stoughton* v. *Mott,* 15 Vt. 162.

The arbitration clause is void. No. 80, Acts of 1898. Besides, the defendant has all the time denied liability, and so waived the provision for arbitration. Joyce on Insurance, s. 3257; *Insurance Co.* v. *Fowood,* 13 Ky. L. Rep. 26; *Farnum* v. *Insurance Co.,* 83 Cal. 246; *Soars* v. *Insurance Co.,* 140 Mass. 383.

STAFFORD, J.    The defendant insured the plaintiff's buildings against loss by fire. The buildings were burned and this action is to recover the insurance. The property was situated in Massachusetts, and there the plaintiff resided both when the contract was made and when the loss occurred. The defendant is a Massachusetts corporation, having its place of business in that State. When this action was brought the plaintiff had become a resident of Vermont. The defendant appeared and pleaded the general issue, and the trial proceeded until the close of the plaintiff's testimony, when the defendant moved for a verdict, on the ground that the evidence showed that the Court had no jurisdiction. The motion was overruled, and the defendant excepted, but proceeded with its defense, introducing, however, no evidence affecting the question of jurisdiction. There was a verdict for the plaintiff, after which and before judgment the defendant moved for judgment notwithstanding the verdict. This motion likewise was overruled, and the defendant excepted. We are now asked to sustain these exceptions.

The claim is that the defendant was a foreign corporation and was not shown to have been doing any business in this State nor to have any place of business therein. Assuming, without deciding, that the defendant did not waive the first of these exceptions by proceeding with its defense and omitting to renew its motion, and also that its course did not amount to a waiver of the objection itself, it will be sufficient

to observe that the whole testimony is referred to in the bill, whereas we have not been furnished with a complete transcript, and are therefore unable to say what did and what did not appear, in these respects, beyond the facts already recited, which are not shown by the exceptions to be all the facts bearing upon the question. It is admitted that if the defendant was doing business in this State and had complied with our statute requiring it to make the Secretary of State its attorney to receive service of process, such service would give the Court jurisdiction. V. S. 4165, 4166. We have not been furnished with a copy of the return, and are not informed what the service was. Evidently there is nothing before us from which we can say that the Court erred in assuming jurisdiction.

The motion for a judgment *non obstante veredicto* was properly overruled, if for no other reason, because it is not granted in favor of a defendant,—certainly not when the pleadings are as they were here. *Trow* v. *Thomas,* 70 Vt. 580, 41 Atl. 652; *Davis* v. *Streeter,* 75 Vt. 214, 54 Atl. 185.

The policy provided that in case of loss thereunder and failure of the parties to agree as to the amount, that question should be referred to arbitrators, whose award should be final, and that such reference, unless waived, should be a condition precedent to the right to sue. "The defendant contended that the plaintiff was not entitled to recover until the amount of damages had been fixed by arbitration, and on that ground excepted to the charge of the Court in submitting the case to the jury." "There was never any arbitration, or any attempt on the part of the plaintiff to procure an arbitration, as provided by the policy, but the defendant denied liability and plead the general issue." The defendant now asserts that the denial of liability referred to was the denial in Court and that there was nothing to show denial of liability before suit, while the plain-

tiff claims there was evidence of such denial from the first.
Here, again, the transcript not being furnished, the doubt must
be solved against the defendant, who is the excepting party.
So the question is, Did the Court err in submitting the case to
the jury at all? It is admitted that in some circumstances
denial of liability will amount to a waiver of the arbitration
clause. Not having the whole case before us, we can not say
that the evidence did not tend to show such a waiver. If it
did it was the duty of the Court to submit the question with
proper instructions, which, the contrary not appearing, we
must presume was done.

*Judgment affirmed.*