MARON B. THORWORTH *v.* A. N. BLANCHARD.

January Term, 1913.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed June 14, 1913.

*Constitutional   Law—Courts—Judges—Powers   in   Vacation—*
*Statutory Provisions—Implied Repeal or Modification—De-*
*cisions Reviewable—Decisions Made by Consent.*

Necessity and convenience firmly established at common law the prac-
tice of doing much of the business of courts of general jurisdiction
at chambers, both in term time and in vacation.

P. S. 1357, as amended by No. 81, Acts of 1910, providing that any
superior judge may in vacation hear and determine a demurrer or
interlocutory motion in a cause pending in county court, and to
expedite the trial may make an order therein which the county
court could make if in session, does not create a new court, but
pertains solely to the powers of the county court which may be
exercised at chambers in vacation, and so does not violate Ch. 2,
§4 of our Constitution providing that courts of justice shall be
maintained in every county and shall be open for the trial of all
cases proper for their cognizance, and that justice shall be therein
impartially administered, without corruption or unnecessary delay.

If P. S. 1357, as amended by No. 81, Acts 1910, providing that any
superior judge may in vacation hear and determine a demurrer or

interlocutory motion in a cause pending in county court, conflicts with P. S. 1349, providing that a county court shall be held in each county at the times and places appointed by law, consisting of one presiding judge who shall be one of the superior judges, and two assistant judges elected by the county, any two of whom shall be a quorum, P. S. 1349, being the earlier statute, is impliedly modified by the later one.

Where at the request of plaintiff's counsel and against defendant's objection, for the purpose of expediting matters, a demurrer to the declaration in a cause pending in county court was sustained *pro forma* by a superior judge in vacation, plaintiff cannot predicate error on that ruling.

ASSUMPSIT. Heard in vacation after the September Term, 1912, Washington County, before *Stanton*, Superior Judge, on demurrer to the declaration. Demurrer sustained *pro forma*, and the declaration adjudged insufficient. The defendant excepted. The opinion states the case.

*Erwin W. Harvey* for the defendant.

*H. C. Shurtleff* for the plaintiff.

WATSON, J. On application of the plaintiff this case was heard and determined on demurrer to the amended declaration, by a superior judge at chambers, in vacation. The record states that, ''To expedite matters and prevent delay the undersigned superior judge, at the request of the plantiff's counsel, but against the objection and protest of defendant's counsel, sustained the demurrer *pro forma* and adjudged the declaration insufficient.'' To this ruling the plaintiff excepted. Thereon the case was passed to this Court, under the statute, before final judgment.

The defendant moves that the exceptions be dismissed and the cause remanded to the county court on the ground, in brief, that a superior judge had no authority to hear and determine the case on demurrer, out of court in vacation; and also for that the judgment below, if valid, was rendered at the special instance and request of the plaintiff, against the objection of

the defendant, and the plaintiff cannot now claim or be heard to say that the ruling was error.

Nothing is more firmly established at common law than the practice of doing much of the business of courts of general jurisdiction at judges' chambers both in term time and in vacation. In the much considered case of *Rex* v. *Wilkes*, 4 Burr. 2527, the information, charging a misdemeanor, was, on summons to show cause, amended the day before the trial by Lord Mansfield at chambers after hearing both sides and without the consent of the respondent. This was objected to on writ of error as a ground for a new trial. It was held that the amendment was properly made at chambers, Lord Mansfield saying, a great deal that may be done in court is done by judges at chambers in term time, and in vacation a great deal more is done by them at chambers because it can be done nowhere else. Mr. Justice Yates said, this practice seems to have been exercised time out of mind, and the business of the court could not be done without it: that it is greatly for the benefit of the subject and tends to the advancement and expedition of justice. Mr. Justice Aston said this had always been the practice, the custom of the court, and therefore the law of the land.

Later a pamphlet was issued by one Almon, containing libelous passages upon Lord Mansfield for making the aforementioned amendment out of court, and application being made to the court of King's Bench by the Attorney General for an attachment against Almon, a rule was made for the latter to show cause why a writ of attachment should not issue against him for contempt. Arguments being had on this rule for and against the granting of the attachment, an opinion was written by Lord Justice Wilmot, though it was not delivered in court, since the prosecution was dropped in consequence, it was supposed, of the resignation of the Attorney General. The opinion, however, was thought to contain so much legal knowledge on an important subject, as to be worthy of preservation, and it is published in Wilmot's Notes, page 243. Therein the Lord Justice said: "A doubt has been rather hinted at than made, as to the legality of orders made by judges at their houses or chambers. ***. When the practice first began I cannot find out; ***. But whenever it began it stands upon too firm a basis to be now shaken;—constant immemorial usage, sanctified

and recognized by the courts of Westminster Hall, and in many instances by the Legislature; and it is now become as much a part of the law of the land, as any other course of practice which custom has introduced and established: but though difficult to find out when it was introduced, yet it is very easy to see why it was introduced—for the ease and convenience of the suitors of the court; ***. And still, it is the business of the court, which is done at chambers; that is, it is business which must be done in court, if it could not be done at chambers. ***. And there is nothing in the constitution of the court, which forbids the business being done by one judge; for one judge, sitting in court, has the authority of the whole court; and a libel upon him, would be a libel upon the court in the strictest sense of the word.'' In speaking of the capacity or character of the judge making an order at chambers, the Lord Justice further said: ''He is still opening and exercising the jurisdiction of the court, and is doing the business which must otherwise be done in court, exactly in the same manner as we do it at the side bar; and surely a libel upon the judges for what they do at the side bar, within a few rods of the court, would be as much an object of attachment as for any thing done in court. Custom legitimates the practice at chambers, as much as at the side bar; and custom may qualify and modify the acts they do in both places.''

In discussing this practice, Mr. Tidd says: ''In vacation, when the court is not sitting, some things are allowed to be done by a judge at chambers, which in term time must be moved in court; as to enter up judgment on a warrant of attorney, above one and under ten years old, or to refer it to the master, or prothonotary, to compute principal and interest on bills of exchange, or promissory notes, &c.'' Tidd's Pr. 511.

In 1830 the jurisdiction exercisable in chambers was by Act of Parliament made definite as follows: ''To transact such business at chambers or elsewhere depending in any of said courts (King's Bench, Common Pleas, and Exchequer) as relates to matters over which the said courts have a common jurisdiction, and as may according to the course and practice of the court be transacted by a single judge.'' Thus the limitation has, in principle, remained ever since, and it has been held that all the powers possessed by the superior courts, whether at common law, or by statute to the court in general terms, without

special limitations, may be exercised by a single judge at chambers. 2 Ency. Laws of Eng. 643-645; *Smeeton* v. *Collier,* 1 Exch. 457.

In this State by section 1357 of the Public Statutes as amended by No. 81 of the Laws of 1910, any superior judge, on application of either party and on notice, may in vacation hear and determine a demurrer, or any interlocutory motion in a cause pending in county court, and to expedite the trial of such case may make an order therein which the county court could make if in session; and by agreement of the parties he may, at any time or place, try and determine issues of fact submitted to the court and render any judgment therein which the county court could render if in session. The same right of exception to such orders and judgments is given, as if made at a stated session of that court. Yet the defendant argues that this statute is in violation of his constitutional rights; for that without his consent and against his will the cause was removed from the county court in which it was pending to a court established by legislative act, consisting of one judge, and without records, clerk, officers, or judicial machinery.

By Ch. 2, sec. 4, of the Constitution, courts of justice shall be maintained in every county of this State, and shall be open for the trial of all causes proper for their cognizance; and justice shall be therein impartially administered, without corruption, or unnecessary delay. By Art. 14, of Amendments, two assistant judges of the county court shall be elected by the freemen of their respective counties. And by Art. 24, of Amendments, sec. 2 and 5, they shall be elected biennially, and their term of office shall be two years to commence on a day named. Beyond this the Constitution does not prescribe the number of judges of which the county court shall consist. But by P. S. 1349, a county court shall be held in each county at the times and places appointed by law, consisting of one presiding judge who shall be one of the superior judges, and two assistant judges elected by the county, any two of whom shall be a quorum. The constitution is silent respecting the jurisdiction, the course of procedure, the number of judges to constitute a quorum, or necessary to the performance of the judicial functions of the court. We have a statute which provides that one judge of that court may try and determine a cause pending therein, when the other judges are disqualified to try the same. P. S. 1350.

In *State* v. *Blair,* 53 Vt. 24, it was held that under this statute the presiding judge, sitting alone when the two assistant judges were legally disqualified, was competent to charge the jury, the court saying that to meet such a necessity the provision was made. In Pennsylvania it has been held that without constitutional or statutory provisions controlling the matter, in case of disqualification of all the others, one judge by force of necessity may act alone. *Commonwealth* v. *Mathues,* 210 Pa. St. 372, 59 Atl. 961. And in New Jersey it has been held that in the absence of such provisions touching the number of judges necessary to the transaction of business in a court of general jurisdiction, one judge is sufficient. *Gray* v. *Bastedo,* 46 N. J. L. 453.

The statute in question does not create a new court. It pertains solely to the county court, a court of general jurisdiction: makes definite the powers which may be exercised by a superior judge at chambers in vacation, regulates the practice, giving the same right of exception as if done in court,—all for the convenience of suitors and in the economic interest of the State.

We think it clear that the law does not violate any provision of the Constitution, and that therefore it is within legitimate legislative action. *Wisconsin Industrial School for Girls* v. *Clark County,* 103 Wis. 651, 79 N. W. 422; *Kalb* v. *German Saving & Loan Soc.,* 25 Wash. 349, 65 Pac. 559, 87 Am. St. Rep. 757; *Brown* v. *Street Lighting District,* 69 N. J. L. 485, 55 Atl. 1080; *Key* v. *Paul,* 61 N. J. L. 133, 38 Atl. 823; *Brewster* v. *Hartley,* 37 Cal. 15,   99 Am. Dec. 237.

Nor does the provision of the statute, making any two of the judges a quorum, prevent the holding here made; for if the two statutes conflict the earlier will be considered as impliedly modified by the later one under consideration. *Hogaboon* v. *Highgate,* 55 Vt. 412.

The ruling to which the plaintiff excepted was made at, and in accordance with, her request. She cannot therefore predicate error thereon. *State* v. *Freeman,* 63 Vt. 496, 22 Atl. 621; *Foster's Exrs.* v. *Dickerson,* 64 Vt. 233, 24 Atl. 253; *Crane* v. *Darling,* 71 Vt. 295, 44 Atl. 359; *Davis* v. *Streeter,* 75 Vt. 214, 54 Atl. 185.

*Judgment affirmed and cause remanded.*