## CURTIS v. SMITH et al.*

### General Assumpsit. Damages.

Plaintiff contracted to furnish stone and build wing walls. to defendant's bakery, at a stipulated price per yard, measured in the walls when completed, and was to commence the job when the stagings then around the bakery were taken down. Before the stagings were taken down, defendants, without cause, terminated the contract by notifying plaintiff not to proceed under it; but before plaintiff received such notice, he had quarried stone for the walls, from his own quarry; but defendants did not know it, and never had any of the stone, and plaintiff never offered them any, and never demanded pay for any. *Held*, that plaintiff could not recover in general assumpsit for what he did under the contract before its rescission, but should have declared specially upon the contract.

If defendants wrongfully terminated the contract, the rule of damages would be the amount of plaintiff's loss consequent thereon, and not, necessarily, the value of his labor performed under the contract.

General Assumpsit. Plea, the general issue, and notice of payment. Trial by jury, December Term, 1872, Windsor County, Barrett, J., presiding.

It appeared that in the latter part of July, 1871, a contract was negotiated between the parties, that plaintiff should build some wing walls about defendants' bakery, finding the stones and doing all the work at $3 per yard, to be measured in the completed wall, plaintiff to commence on said job as soon as the stagings then around said bakery be taken down. They were taken down about the 20th of August, and as soon as they could be spared from use on the bakery.

Owing to a misunderstanding that had arisen between the parties about a former job, on the 2d of August defendants sent a letter that was delivered to plaintiff on the 3d day of August, notifying him that they did not wish to employ him any further, and that they did not wish him to do the work on the wing walls that they had talked with him about.

Plaintiff claimed and testified that at the time he received said notice, he had already got out a large quantity of stone from the

---

*Decided at the General Term in October, 1874.

quarry for use in making said wing walls under said contract; that on receiving said notice, he ceased to do anything further in the matter; that the item in controversy was for his work and labor in quarrying said stones, ready to draw to the place for use in said wing walls, about a mile or so distant from the quarry; that he got out sixty yards of stone, and charged. and it was worth, 75 cents per yard. It did not appear that plaintiff offered said stone to the defendants, or that any of them ever came to defendants' use, or that they had any knowledge that plaintiff had got them out, or had done anything under said contract, or that he made or had any claim against them in respect thereto prior to the bringing of this suit. Defendants testified that they under-stood that by the contract plaintiff was not to begin work under it till the stagings had been removed from the bakery; that they had never received any benefit from plaintiff's labor about said stone, and did not now know that he had performed any, except his statement in that respect; that they had never had any of the stone, and that no demand was ever made of them for pay in that behalf, and that they had no knowledge of any such claim till after this suit was brought. Defendants gave evidence of actual measurement and computation, that said wing walls, if built according to contract, would measure but 35 yards.

Defendants requested the court to hold and charge that plaintiff could not recover on said item of his specifications. The court declined so to do, but charged that if it should be found that said contract had been consummated between the parties, and that plaintiff, considering the nature of the job, was warranted in going to work, and in getting out the stone, at the time and in the manner his evidence tended to show he did, under said contract, and towards the fulfillment of it, and the jury should also find that the defendants put an end to the contract in the manner shown, without justifiable cause given them by plaintiff, plaintiff would be entitled to recover a reasonable compensation for his work in getting out said stone, not exceeding in quantity what would be required to build said wing walls. To the refusal to charge, and to the charge thus given, defendants excepted. In other respects the jury were fully charged in a manner not

excepted to.   The jury found for plaintiff to recover $20,64 on said item.

*Norman Paul*, for the defendants.

The item in controversy is based upon a specific and executory contract, entire in its nature, and to be entered upon at a particular time.   The evidence shows that nothing was done on said contract to the knowledge of either of the defendants; that no delivery of material or labor was ever made to, or performed for, them; that they have never received any benefit from the plaintiff of any kind, by anything done in pursuance of said contract; and that no claim was ever asserted against, or demand made upon, them for services rendered till this suit was brought.   The law is well settled, that the action of general assumpsit will lie only where there has been an actual promise, or an implied one arising from the contract itself, and the fulfillment of it either in whole or in part.   The decisions are uniform that no recovery can be had in this form of action unless something has been actually done under the contract according to its terms, which is of *some benefit* to the person sought to be charged, and where nothing remains to be done but the payment of money.   It will not lie to recover damages for the breach of an executory contract, open and not completed; in such cases the declaration must be special. In all cases where there is neither an actual nor an implied promise, a demand is a condition precedent to the right of recovery. 1 Chitty Pl. 320, 348, 349; *Brackett* v. *Morse*, 23 Vt. 554; *Morrison* v. *Cummings*, 26 Vt. 486; *Hubbard* v. *Belden*, 27 Vt. 645; *Swift* v. *Harriman*, 30 Vt. 607; *Bragg* v. *Bradford*, 33 Vt. 35; 1 Swift Dig. 702; *Way* v. *Wakefield*, 7 Vt. 223; *Dyer* v. *Jones*, 8 Vt. 205; *Gilman* v. *Hall*, 11 Vt. 510; *Blood* v. *Enos*, 12 Vt. 625; *Myrick* v. *Slason*, 19 Vt. 121; *Camp* v. *Barker & Haight*, 21 Vt. 469; *Hemmenway* v. *Smith*, 28 Vt. 701; *Smith* v. *Foster*, 36 Vt. 705; *Kent* v. *Bowker*, 38 Vt. 148; *Hayward* v. *Leonard*, 7 Pick. 180; *Felton* v. *Dickinson*, 10 Mass. 287; *Shepard* v. *Palmer*, 6 Conn. 94; *Russell* v. *South Britain Society*, 9 Conn. 508; *Jewell* v. *Schroeppel*, 4 Wend. 564; *Feeter* v. *Heath*, 12 Wend. 479; *Bank of Columbia* v. *Patterson's admr.* 7

Cranch, 299 ; *Chesapeake & Ohio Canal Co.* v. *Knapp*, 9 Pet. 541 ; *Hulle* v. *Heightman*, 2 East, 145 ; *Farnsworth* v. *Garrard*, 1 Camp. 38.

The letter of defendants shows conclusively that the parties mutually understood that nothing had then been done, and was intended to prevent plaintiff from doing anything on the executory contract for the defendants. Plaintiff has had the benefit of his own labor on his own property, which is now, and always has been, subject to his own control, for which he is seeking to make defendants liable.

*S. E. & S. M. Pingree*, for the plaintiff.

As to this item, was the contract cosummated ? Was the plaintiff warranted in going to work under it as he did ? While so at work, did the defendants put an end to it without justifiable cause given them by the plaintiff ? If these three points were properly submitted to the jury, and each found by them in the affirmative, then was it proper for the court below to direct the jury that plaintiff was entitled to recover, as shown by the bill of exceptions ? We think so, for the following reasons :

The plaintiff was to be the judge of his duties under the contract, and also of his rights. *Gunnison* v. *Bancroft*, 11 Vt. 490.

The plaintiff was hindered and prevented from fulfilling his contract, by the express order and direction of the defendants, as causeless as it was peremptory and unconditional. This entitled the plaintiff to recover for what he had done under the contract. *Derby* v. *Johnson*, 21 Vt. 17 ; *Tysen* v. *Doe*, 15 Vt. 571 ; *Fletcher* v. *Cole*, 23 Vt. 114 ; *Allen* v. *Thrall*, 36 Vt. 711 ; *Downer* v. *Smith*, 32 Vt. 1 ; *Chamberlin* v. *Scott*, 33 Vt. 80 ; *Spencer* v. *Storrs*, 38 Vt. 156 ; *Danforth & Co.* v. *Walker*, 37 Vt. 239 ; *Durkee* v. *Vt. Central R. R.* 29 Vt. 127.

The opinion of the court was delivered by

Ross, J. In the action of assumpsit on the common counts, it is as necessary for the plaintiff to prove the declaration as it would be if he declared specially. He cannot recover on the common count for work and labor done and performed, without

showing that he has performed work or labor for the defendant, at his request, either expressed or implied. Neither can he recover on the count for materials furnished, without showing that the materials, in whole or in part, have gone to the benefit of the defendant, upon a like request. If the plaintiff has performed labor on his own material under a contract to furnish the defendant a specific article or perfected work, the combined result of his labor and such material, but which has never gone to the benefit of the defendant, he cannot recover therefor on the common counts for labor done and performed and for materials furnished. The labor which the plaintiff has performed in such a case, he has performed for himself, on his own material, in order to produce the article or perfected work which he has contracted to deliver to the defendant. If the completed work is not delivered so that the defendant receives a benefit from it, the plaintiff, by his work and material, does not lay the foundation for a recovery under the common counts, however wrongfully the defendant may have prevented the completion and delivery of such perfected work. In such cases the plaintiff's remedy is by declaring specially for damages sustained by the wrongful act of the defendant in breaking the contract by preventing the completion and delivery of such perfected work. These are laid down as elementary principles in the text-books, and have received the sanction of many decided cases. 1 Chitty Pl. 347, 348, 349 ; *Allen* v. *Thrall*, 36 Vt. 711 ; *Walker* v. *Clark*, Windham County, February Term, 1873 ; *Atkinson et al.* v. *Bell et als.* 8 B. & C. 277 (15 E. C. L, 142.)

The application of these principles to the facts stated in the exceptions, renders it manifest that the court should have complied with the defendants' request in regard to the plaintiff's right to recover the second item of his specification under the declaration. The plaintiff had contracted to put in certain wing walls around the bakery of the defendants, at a specified price per yard. Before the time arrived for the plaintiff to commence putting in the wing walls, the defendants notified him not to proceed under the contract, and thereby terminated it. The plaintiff gave evidence which satisfied the jury that before he received the notice terminating the contract, he had done work in quarrying stone to

be used in building the wing walls. The stone were not quarried on the land of the defendants, and they received no benefit therefrom. The court allowed the plaintiff to recover for this labor under the common count for labor done and performed. In this we think there was error. The defendants did not contract with the plaintiff for this labor, but for the wing walls completed. The plaintiff, in quarrying stone from his own quarry, was not at work for the defendants, but was at work for himself, getting out material that he might or might not use in the erection of the wing walls. The stone when quarried belonged to the plaintiff, and he could put them to any use he saw fit. The plaintiff had performed no labor for the defendants, or that had enured to their benefit under the contract. At most, he had only performed labor with the expectation that he could make it available in enabling him to perform his contract with the defendants. The *gravamen* of his complaint as developed in the evidence, is, that he has not been allowed to realize this expectation by reason of the act of the defendants in wrongfully terminating the contract. If he would recover for this, he should declare upon the contract specially, and for the breach thereof of which he now complains.

We think, also, there was error in the charge of the court on the subject of damages, if the declaration had been special. The court allowed the plaintiff to recover the value of his labor in quarrying the stone. This would be an element to be considered in ascertaining the damages. The rule of damages in such cases, is the amount that the plaintiff has lost by the defendants' wrongful termination of the contract. If the stone when quarried were of no pecuniary value, then the plaintiff would have been damnified to the full extent of the loss of his labor in quarrying them. It does not appear from the exceptions that they were when quarried, entirely valuless. For aught that appears, they might have been worth enough more than when in the quarry, to have fully compensated the plaintiff for his labor. If so, he suffered no damages in this particular by the defendants' wrongful termination of the contract.

The defendants claim that the court erred in allowing the plaintiff to recover any damages on this item, because they claim that
16

by the contract the plaintiff was not to commence on the work till after the stagings around the building should be taken down, which was not done till after they gave him notice terminating the contract. If the exceptions are to be construed as thus claimed by the defendants, the plaintiff, under a proper declaration, could only recover the excess of the contract price above what it would have cost him to have performed the contract. From the statement in the exceptions, we do not think that it is entirely clear that the plaintiff, by the contract, was restricted from commencing quarrying stone till the stagings then around the bakery should be taken down. It might apply only to the time when he was to commence the erection of the wing walls. We are not prepared to say that the court erred in submitting to the jury to be found whether the plaintiff, by the contract, was warranted in quarrying the stone at the time his evidence tended to show he did it.

If the printed extract from the charge contains all the instruction which the court gave the jury on this question, we should think that further instruction was necessary to properly submit this point in the case to their consideration. As this was not the point to which the defendants' request was directed, and as only so much of the charge is given as related to the request, we cannot presume that further instruction was not given on this point.

Judgment reversed, and cause remanded.