## Guyon v. Schuylkill Forge Co., Appellant.

*Contract—Work furnished—Price—Quantum meruit—Evidence—Case for jury—Pleadings—Proofs—Striking out evidence.*

1. In an action based on the value of certain work done where defendant offers oral proof that the work had been done on an agreed price per article, and this is contradicted, the burden is on defendant, and the case is for the jury.

2. In such case, plaintiff is not concluded as a matter of law by proof that weekly statements had been rendered him, where he testifies that he received but one statement, that he objected to this, and was told to go on with the work, and that the price would be made right. Under such circumstances, the case is for the jury.

3. If, in such case, the pleadings raise no issue as to the market value of the completed article, it is not error to strike out the evidence relating thereto.

Argued January 9, 1923.  Appeal, No. 53, Jan. T., 1923, by defendant, from judgment of C. P. No. 4, Phila. Co., Sept. T., 1918, No. 804, on verdict for plaintiff, in case of Paul Guyon v. Schuylkill Forge Co.  Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON and SCHAFFER, JJ.  Affirmed.

Assumpsit for value of work done.  Before AUDEN-RIED, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $2,472.07, on which judgment was entered for $2,338.66, a remittitur having been filed for the excess.  Defendant appealed.

*Errors assigned* were (1) refusal of judgment for defendant n. o. v., quoting record, and (2) striking out evidence as to market value, quoting bill of exceptions.

*Geo. M. Henry,* for appellant, cited: Cronmuller v. Evening Telegraph, 232 Pa. 14; Slaymaker v. Irwin, 4 Whart. 369.

*Edwin M. Finletter,* with him *Saul, Ewing, Remick & Saul,* for appellee.

OPINION BY MR. JUSTICE WALLING, February 12, 1923:

This appeal by defendant is from judgment entered on a verdict for plaintiff in an action based on the value of certain work.  In the fall of 1917, the plaintiff, Paul Guyon, then engaged in machine blacksmithing, was employed by the Schuylkill Forge Company, defendant, to make approximately thirteen thousand steel rings, from material furnished by the company.  Payments were made as the work progressed and, when finished, plaintiff brought this suit, claiming an alleged balance for the value of the work on a quantum meruit.  He had previously done small jobs for the company and then fixed his own price, but defendant's averment and proof was to

the effect that this work had been done at an agreed price per ring, which it had paid; its motion for judgment n. o. v. was based thereon. The contention in support of that motion overlooks the fact that the burden of proving the alleged agreement, as to price, was on defendant, who averred it and whose evidence in support thereof, being oral and denied by that of plaintiff, was necessarily for the jury. Defendant also contends that plaintiff was concluded by the weekly statements it rendered him, in connection with the remittances, setting forth in detail the price of the work. Plaintiff testified he received but one statement and then took the matter up with defendant's president, who said, in effect, to go on with the work and when finished the company would make the price right. While the preponderance of evidence supported defendant's contention, the case was for the jury.

Plaintiff did not claim for the price of the completed rings but only for the value of the work he bestowed upon them; and defendant denied liability because of an agreed price for the work and payment thereof; hence, as the pleadings raised no issue as to the market value of the completed rings, it was not error to strike out the evidence relating thereto.

We have considered the only questions raised and find no error.

The judgment is affirmed.