# Yvon Daigle et al v. Howard Conley

[155 A2d 744]

September Term, 1959

Present: **Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.**

Opinion Filed November 3, 1959.

*Lee E. Emerson* for the defendant.

*Raymond L. Miles* and *John G. Kissane* for the plaintiffs.

**Smith, J.** The plaintiffs are residents of Cowansville, Que., and in September of 1957 owned and operated a woodlot and yard in Magog, Que. The defendant is a resident of Glover, Vt., and owns and operates a business engaged in the manufacture of cedar fences at Glover. The plaintiffs brought an action in contract on the common counts, with specifications, seeking to recover for a quantity of cedar poles sold by them to the defendant. The defendant filed no answer, but, during the course of the trial, claimed damages by recoupment.

The case was heard by the Orleans County Court, without a jury. Upon the completion of the evidence, which included various exhibits, as well as taking a view of certain cedar

poles on the premises of the defendant, the lower court made findings of fact. Judgment was awarded to the plaintiffs to recover of the defendant the sum of Three thousand, three hundred and eighty-seven dollars and thirty-two cents ($3387.-32). The case is here upon the exceptions of the defendant to certain findings of fact, to the failure of the county court to make certain requested findings of fact, and to the judgment.

The facts found by the lower court may be summarized as follows:

The defendant met with the plaintiff Daigle, and an employee of the plaintiffs named Choquette, at the Quebec woodyard of the plaintiffs in early September of 1957. Defendant examined the cedar stacked in the yard and made notes on the amount of cedar, after also using a rough scale of the material present given him by Choquette. Although the defendant informed the plaintiff, Daigle, that he could not use dry, cracked or crooked cedar in his business, he accepted an offer from the plaintiffs for all the cedar in the yard, with the exception of certain reserved "government poles" at a price of two and one-half cents a linear foot. Under this agreement the defendant was to remove the cedar from the plaintiffs' yard in Quebec to the defendant's premises in Glover, Vt., at his own expense, and to make such removal within a six-weeks period. The defendant was to pay the plaintiffs for the cedar as he received it, in American currency, subject to a three per cent exchange charge.

The first five or six loads of cedar were trucked from Magog to Glover by the defendant himself. Thereafter the defendant employed one Guy Thomas to do this trucking for him and Thomas was under the direction and control of the defendant.

Each time Thomas loaded his truck at the yard of the plaintiffs he tabulated the amount of the load, signed a slip for the same, which was retained by the plaintiffs, and delivered a duplicate of the slip to the defendant, or his agent, when he unloaded the cedar at defendant's yard in Glover. Although the defendant has been in the practice of checking all cedar coming into his yard from other sources, he did not do so with the cedar that Thomas delivered. While his claim is that much of the cedar received from the plaintiffs was

defective he made no complaints to the plaintiffs during the time that Thomas was hauling these poles, and he paid Thomas in full for trucking the same.

After all the trucking had been completed there were various attempts and offers made by the plaintiffs to the defendant to obtain payment for the cedar, but the account was not settled. At the conclusion of business between the parties two thousand (2,000) six-foot, two-inch posts purchased originally by the defendant were left in the plaintiffs' yard and were later sold by the plaintiffs. There was also a quantity of cedar at the back of defendant's yard, claimed by the defendant to be worthless, which had been unloaded there by the trucker, Thomas. This material was observed by the lower court in a view of the premises.

1. The first exception that the defendant has briefed is to the failure of the lower court to find, "the count of the defendant was to govern on what he was to pay for", as requested by the defendant. This exception is based upon the grounds that such requested finding was material, and that the count of the defendant showed the amount to be substantially less than the count of materials which the court found he should pay for.

As has been previously stated the lower court found that the defendant's agent, Thomas, who did the trucking, made a count or tabulation of each load of cedar as he placed it on his truck. No exception was taken by the defendant to this finding. While the defendant, Conley, testified to a different count than that of Thomas, both counts, were, in effect, counts of the defendant. The lower court, being the trier of the facts, had the right to decide which of the two counts it found to be correct, for the trier of the facts determines the weight of evidence and the credibility of the witnesses. *Taylor* v. *Henderson and Smith*, 112 Vt 107, 111, 22 A2d 318. This exception cannot be sustained.

2. The second exception briefed by the defendant is to Finding 21, and Amended Finding 18A, and is on the subject of defendant's recoupment. Finding 18A reads as follows:

"Six truck loads of the cedar delivered to defendant was rotten, dry and split and of little or no use or value to the defendant. These six loads were charged to the defendant in the amount of $434.39."

Finding 21 is in these words:

"By amendment of their specifications the plaintiff's claim amounts to Four thousand, two hundred and seventy-one dollars and seventy-one cents ($4,271.71). The court finds this amount should be lessened by Three hundred dollars ($300.00), the value of the materials left in plaintiff's yard, by defendant; also the sum of Five hundred and eighty-four dollars and thirty-nine cents ($584.39), the cost to the defendant of the six loads of defective cedar, including costs of hauling."

The grounds upon which the defendant bases his exceptions are that there is no evidence to support them; that there was a wrongful exclusion of the defendant's evidence by the lower court; and, referring to fiinding 21, that it is against the overwhelming weight of the evidence. He also claims mathematical error on the part of the lower court in finding Three hundred dollars ($300.00) to be the value of the material left in plaintiffs' yard by the defendant.

■ The defendant has conceded that there is evidence to support the finding that plaintiffs' starting figure of Four thousand, two hundred and seventy-one dollars and seventy-nine cents is correct. While the defendant contends that there was a wrongful exclusion of defendant's evidence on the sum due the defendant in recoupment he has not pointed out to us any specific part of the record of the case which is material upon this point. Supreme Court Rule 8, Par. 5, provides that briefs shall contain such references, giving the page and the number of the interrogatory and answer as marked on the copy of the testimony furnished to this Court. We do not search the record to discover error. *Turner* v. *Bragg*, 113 Vt 393, 402, 35 A2d 356. *Kendall* v. *Borofsky*, 118 Vt 352, 357, 111 A2d 251.

The findings of the lower court No. 18A and No. 21, both

have reference to six heaps of valueless cedar located in the rear of defendant's premises at the time of trial. It is defendant's contention that the lower court, in its findings, should have used the word "pile", rather than "loads" or "truck loads" in the light of the evidence in the case. The defendant's position is that a "pile" might contain several truck loads, and that by using the words that it did the lower court limited the amount of the defendant's recoupment in this respect.

The defendant's own testimony, in referring to the cedar in question, was that he "believed" that there were ten or twenty truck loads of "junk" there. The defendant's foreman, Albert Blouin, testified, however, that there were six piles of this waste cedar. The defendant's trucker and agent, Thomas, testifying about the same cedar, stated, "It was easy to see every load I dumped there."

The record of the case shows that the lower court took a view of the defendant's premises and the waste cedar, with the consent of both parties. Each party was given the opportunity to call to the attention of the court the particular features which they wished the court to observe.

■ Recoupment is an affirmative defense, and the burden of proof was on the defendant. *Francis* v. *London Guarantee & Accident Co.*, 100 Vt 425, 428, 138 A 780; *Bank of United States* v. *Thomson & Kelly Co.*, 290 Mass 229, 195 NE 115, 116; 80 CJS, Set-Off And Counterclaim, §2, page 7. The burden here was upon the defendant to establish with some reasonable certainty the quantity of defective cedar that he had received, as well as the amount of the credit that he should be allowed for this material.

■ The lower court, as triers of the fact, took a view of the waste cedar for which recoupment was sought. While the court could not make its findings exclusively upon the knowledge it acquired in such view, it did have the right to base its findings upon such examination together with all the evidence in the case. *McAndrews* v. *Leonard*, 99 Vt 512, 521, 134 A 710. The lower court was entitled to make a fair estimate of the defective cedar which it viewed taking into consideration the evidence received in court upon the same subject matter.

We do not find the claimed mathematical error in the lower court's finding of Three hundred dollars ($300.00) as the value of the cedar left in the plaintiffs' yard by the defendant. The findings disclose that there were two thousand six-foot posts thus left on the plaintiffs' premises which were sold by the plaintiffs. The findings also disclose that the price agreed upon between the parties for the cedar was two and one-half cents a linear foot. There being twelve thousand linear feet in two thousand six-foot poles, the multiplication of this number of linear feet by the price of two and one-half cents results in the sum of Three hundred dollars ($300.00).

The defendant has also argued that there is no evidence to support the finding of Five hundred and eighty-four dollars and thirty-nine cents ($584.39) allowed by the lower court in recoupment for the six loads of worthless cedar. But this objection seems to be based upon his previous contention that the lower court committed error in its estimate of the amount of this material, for the defendant advances no other reason for this objection. Having already found no error in the lower court's finding as to the amount of the waste cedar this part of the defendant's exception need not be further considered.

3. The defendant's third briefed exception is to Finding 16 which states:

> "The defendant made no complaint to Thomas concerning the condition of the cedar as he paid him for hauling."

Grounds stated for the exception are that there is no evidence to support the finding, and that the finding is immaterial. The record of the case, furnished this court, discloses that the witness Thomas was asked the following question:

> "Did Conley complain to you when he paid you, about what you had drawn?"

The answer given by Thomas was, "No, sir." The question and answer so given disposes of this exception by the defendant.

4. The defendant's fourth, and last, briefed exception is to the judgment and his grounds are stated as being the

same as he has previously set forth in exceptions one and two of his brief. These exceptions not having been sustained it follows that exception four must fall with them.

*Judgment affirmed*