## Fred Forslund
### v.
## Robert C. and Phyllis P. Cookman

[211 A. 2d 190]

April Term, 1965

Present: **Holden, C. J., Shangraw, Barney and Smith, J. J.**

Opinion Filed June 1, 1965

*Downs & Rachlin* for plaintiff.

*Otterman & Allen* for defendants.

**Barney J.** The farm property of Orville A. Gibson passed to his widow. Parts of the farm and lands were disposed of in separate parcels. A tenement house and about half an acre of land were sold in 1959, coming to the plaintiff through an intervening owner. In 1961 the Gibson dwelling house and an adjoining barn were sold to the defendants as part of a parcel which borders plaintiff's land to the north, being bounded southerly by the plaintiff's northerly line. Because of a dispute as to the position of this common boundary, litigation began between the parties less than two years after defendants bought their property. Since the land of the plaintiff and defendants had, prior to the time of sale, been joined as a single holding, the questioned boundary did not come into existence until 1959, when it was set out in the deed from Mrs. Gibson to Charles and Emma Kallberg, the plaintiff's predecessors in title.

The dispute originates in the phraseology of the deed to the Kallbergs which describes a parcel excepted from the operation of that conveyance by the grantor, Mrs. Gibson:

Commencing at a point in the westerly side of U. S. Highway No. 5; thence running westerly 15 feet from and parallel with the southerly end of the old horse barn on said premises to a barbed wire fence; thence turning an angle and running northerly along said fence of Arthur D. Runnels; thence turning an angle and running easterly along the southerly line of said Runnels premises to U. S. Highway No. 5; Thence southerly along the westerly side of said highway to the point begun at.

The deed from the Kallbergs to the plaintiff merely identified the property sold without further describing the boundaries. The disputed line was again described in identical terms in the deed from Mrs.

Gibson conveying the expected parcel to the defendants: ". . . thence running westerly 15 ft. from and parallel with the southerly end of the old horse barn on said premises to a barbed wire fence . . .".

The plaintiff claims that the phrase "southerly end of the old horse barn" is latently ambiguous because of the construction and condition of the entire barn building. Attached to almost the entire southerly side of the portion once used for stabling is a lean-to roofed structure, now partially open on its south side. This shed has stood connected to the rest of the barn for more than sixty years, and gives structural signs of full incorporation into the foundation, wall and floor construction of the main portion of the barn. The trial court found from its appearance that its construction at the same time as the main horse barn was indicated.

The plaintiff contends that the stable portion of the barn is an entity sufficiently distinguishable from the lean-to structure to raise an ambiguity. The importance to the plaintiff's position of this claimed ambiguity is based on the fact that the defendants now stand in the shoes of the orginal grantor, Mrs. Gibson. Since it was the grantor's language that established the barn boundary, the plaintiff says that he is entitled to that construction of the ambiguity most favorable to him, since he is successor to her grantee. It is apparent from the findings that, using the southerly side of the lean-to structure as the point of measurement for the boundary, puts the line fifteen feet from it, while measuring from the barn, without considering the lean-to, puts the boundary about three feet from the south wall of the lean-to, and increases the plaintiff's holdings by a strip about twelve feet wide.

The trial court found that the contested line was in fact located fifteen feet south of the southerly side of the lean-to structure attached to the barn. We are bound to confirm this result unless, as a matter of law, it is unsupportable. *Farr* v. *State Highway Board,* 123 Vt. 334, 339, 189 A. 2d 542.

■ The alleged ambiguity contended for by the plaintiff arises only when a physical distinction is drawn between the attached lean-to roofed structure and the rest of the barn. That it is logically possible to refer to the southerly end of the horse barn and mean the wall inside the lean-to structure cannot be denied. But it is not enough for ambiguity, in the legal sense required here, that there be possible alternatives. The alternatives must meet a standard of equal application, and since the ambiguity claimed here is latent, it is up to the plaintiff to demon-

strate by evidence convincing to the trier this equal application. *Sargent* v. *Gagne,* 121 Vt. 1, 8-9, 147 A. 2d 892.

■ Unless this ambiguity is established from the facts in the case, the rule of construction giving the grantee the benefit of that alternative interpretation favoring him, does not come into play. *deNeergaard* v. *Dillingham,* 123 Vt. 327, 332, 187 A. 2d 494. The first concern of the trial court was with the intention of the grantor and grantee, as expressed by the deed setting up the boundary. *Spooner* v. *Menard,* 124 Vt. 61, 62-3, 196 A. 2d 510. In the ordinary course of events, the reference to the end of a building as marking a parallel dimension for a boundary would be taken to mean that portion constituting its exposed structural limit. Unless the evidence persuaded the trial court that it was equally likely that the parties intended to refer to the wall of the barn located in the interior of the lean-to portion as the point of measurement by that language in the deed, he was not bound to reach the result for which the plaintiff contends. *Latchis* v. *John,* 117 Vt. 110, 112, 85 A. 2d 575.

The persuasive effect of the evidence that the plaintiff had the burden of producing to establish his claim was for the trial court. *Daigle* v. *Conley,* 121 Vt. 305, 307, 155 A. 2d 744. Without evidence in the case of sufficient strength to require the sustaining of the plaintiff's contention as a matter of law in this case, the decision of the trier of fact that the evidence was insufficient to support a finding of ambiguity will stand. *Anton* v. *Fidelity & Casualty Co.,* 117 Vt. 300, 302, 91 A. 2d 697.

*Judgment affirmed.*

Mr. Justice Keyser, being disqualified, did not sit on this appeal.