# Cass-Warner Corporation v. Herbert L. Brickman and Joyce Brickman
# Herbert L. Brickman and Joyce Brickman v. Cass-Warner Corporation

[ 229 A.2d 309 ]

December Term, 1967

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed February 7, 1967

Reargument Denied April 11, 1967

330

*Philip Kolvoord* for plaintiff.

*McNamara, Fitzpatrick & Sylvester* for defendants.

**Keyser, J.** Cass-Warner Corporation brought suit (No. 370) to recover a balance claimed to be due for labor and materials furnished to defendants, Brickmans, for the construction of a marina. Thereafter, the Brickmans brought a counter-suit (No. 371) seeking damages for alleged improper and defective work done by Cass-Warner "under an agreement." The cases were consolidated for trial by agreement of counsel. Hearing was by court. Findings of fact were made by the trial court applicable to both cases. Each party has appealed, claiming the evidence does not support certain specified findings of fact on which the single judgment order pertaining to both cases is founded.

The work to be done consisted principally of dredging the harbor to deepen the channel, the construction of a bulkhead to retain the dredged material and the construction, upon piling, of a dock leading from the bulkhead into the lake. There is no dispute concerning the

work being done or the equipment and materials being furnished by Cass-Warner at the request of the Brickmans under an oral agreement. Cass-Warner claims the contract provided that it was to do the work upon a time and materials basis, billing weekly at an agreed fixed rate for labor and machines and at a cost plus ten per cent for materials.

Cass-Warner declared on the common counts and filed specifications of its claim which included a copy of each weekly invoice rendered to the Brickmans. The evidence shows work began on May 2, 1964 but ceased on June 23, 1964 at the direction of the Brickmans because they did not have the money to continue the work. At that time the bulkhead was constructed but not completely filled nor aligned, the dock had not been completed and the harbor only partially dredged. There is no dispute but that the Brickmans had paid the invoices for the first three weeks ending May 23, aggregating $7,918.32 and had not paid the invoices of June 3, 8, 15 and 23 amounting to $15,320.80.

In their counter-suit the Brickmans allege Cass-Warner Corporation "entered into an agreement whereby, in return for payment therefor, by the plaintiffs," it agreed to design and construct a 300-foot bulkhead, dredge certain areas placing the material behind the bulkhead and drive pilings along the face of a pier for a landing platform. They also allege the bulkhead was inadequate and must be reconstructed or reinforced, the dredging was not done to the depths agreed upon, and the pilings were driven in an irregular and uneven manner and claimed the reasonable value of the work, if properly performed and completed, would have been $10,400.00. They make no claim in their writ that the agreement provided the work was to be done as a completed job for a total fixed price, payable in installments.

Cass-Warner's declaration is in general assumpsit on the common counts with specifications based on the contract it claims was made with the Brickmans. Such procedure in this case is proper under the circumstances disclosed by the record.

In the case of *Boville* v. *Dalton Paper Mills,* 86 Vt. 305, 85 Atl. 623 the declaration was in assumpsit and consisted of the common counts and one special count alleging an express contract, partial performance by plaintiff, and a breach by defendant preventing further performance. Upon motion by defendant that plaintiff elect which count he would stand on, the plaintiff elected to proceed under the common counts. The evidence tended to show a contract for doing

the work covered by plaintiff's specifications at agreed prices; payment to be made on the 15th of each month for work done the previous month; and failure of defendant to pay as agreed. The court there said:

"It is the uniform holding of our cases that one may recover under the common counts for work done under a special contract which he has been compelled to abandon by the nonperformance of the other party. Of these cases reference may be had to *Chamberlain* v. *Scott*, 33 Vt. 80; *Davis* v. *Streeter*, 75 Vt. 214, 54 Atl. 185."

Here, the action of Cass-Warner is not to recover damages for an unwarranted breach of contract for a completed project. Rather, it is a suit to recover for the work actually performed and materials actually furnished at the express request of the Brickmans, the same to be paid for each week under rates agreed to by the parties. See *Curtis* v. *Smith*, 48 Vt. 116, 119, 120.

In *Peist* v. *Richmond*, 97 Vt. 122 Atl. 420, Judge Powers said: "This right of abandonment is, not infrequently, spoken of as the right of rescission. . . . (I)t differs from the right of rescission in that the contract may still be resorted to by the party not in default for the recovery of his damages. (Citing cases)."

██ Moreover, any objection to the action being in general, rather than special, assumpsit is one that can be waived, and was waived by not being made on trial, for it does not go to the jurisdiction, but only to a matter of pleading and practice. This also applies to the form of action. *Valiquette* v. *Clark Bros. Coal Min. Co.*, 83 Vt. 538, 543, 77 Atl. 869.

The pivotal issue raised by the appeal of Cass-Warner Corporation is whether the work was agreed to be done on a time and materials basis and, if so, whether the court properly used the "reasonable value" for the work done in determining plaintiff's damages.

These issues bear heavily on the first finding of the court which reads:

"1. There being no controversy relative to the specifications submitted in the case of *Cass-Warner* v. *Brickman*, Docket No. 10,024, the court finds that the specifications submitted by the plaintiff in that case are proper and that, in fact, have not been fully paid, and that there is a balance due therein of $15,320.80 as of June 3, 1964."

(From the record it is very obvious that the date should be June 23, not June 3 as shown in the foregoing finding, and we so treat it.)

■■  Findings of fact must stand if there is any evidence fairly and reasonably tending to support them. 12 V.S.A. §2385. This court must affirm the findings if there is any credible evidence to support them. The weight of the evidence, the credibility of the witnesses and the persuasive effect of the testimony lies solely with the trier of facts. *Smith* v. *Lentini, Extr.,* 125 Vt. 526, 528, 220 A.2d 291.

■  Finding No. 1 is a general finding by the court made at the very outset of its Findings of Fact. A general finding in favor of one party or another is a finding of every special fact necessary to sustain it and conclusive as to such facts, if there is evidence to support a finding of their existence. 5A C.J.S. p. 476, §1656(5), note 10; *Platt* v. *Woodland,* 121 Kan. 291, 246 P. 1017. *Rain* v. *Balph,* Okl., 293 P.2d 359, 360-361; *Smart* v. *Billings,* 169 Okl. 26, 35 P.2d 923.

On April 28, 1964, Mr. Brickman wrote a letter to Mr. Warner confirming that Cass-Warner had agreed to perform work on the harbor and that the "cost of such work would be in accordance with the conversation had between Ben Warner and Blair Muller, R.A." Mr. Muller acted for and counseled the Brickmans during the time before and after the work began. For sometime previous to the above date numerous conferences had taken place between the parties, including Mr. Muller, in regard to the work and its estimated cost.

A notation appears at the bottom of Plaintiff's Exhibit #9 which shows the rates for equipment and material. Although the court admitted the letter without limitations, it is apparent from the record that the parties did not intend that the pencil notation was to be considered as a part of the exhibit. However, Cass-Warner's witness testified that rates were worked out with Mr. Muller, that such rates arrived at were those at the bottom of the letter and were the rates used to later bill the Brickmans. And Mr. Brickman admitted by his testimony that "There was some agreement between Mr. Muller and Mr. Warner concerning prices, yes." He did not testify what those prices were nor did he testify an agreement was reached to build the marina for a flat specified contract price. Neither does it appear in the evidence that Mr. Brickman denied that the rates charged in the invoices were not the "prices" agreed upon between Mr. Muller and Mr. Warner.

Finding No. 1 is a general finding in favor of Cass-Warner. It found "That the specifications submitted by the plaintiff in that case are proper and that, in fact, have not been fully paid." It then found the balance due to Cass-Warner. Our conclusion from this finding is that the court decided that the charges made by the plaintiff as shown in the specifications of its claim filed in the case "are proper." Again, in Finding No. 2, the court found the amount of $8,627.00 which was the charge for labor and material for dredging based on the invoices "is a proper charge." From these findings, it may readily be inferred, that the rates charged in the weekly invoices, Plaintiff's Exhibits #1-#7, were in accordance with the agreement Cass-Warner claims was made. The Brickmans paid the first three invoices without questioning or disputing the rates charged which strongly indicates the correctness and validity of such rates.

The court found in Finding No. 5 that "this was initially a time and materials contract," with "no upset price." We think the evidence fairly shows this was the agreement and that the rates, or prices, of payment agreed upon between Mr. Muller and Mr. Warner were those shown by Plaintiff's Exhibits #1-#7.

The findings referred to support Cass-Warner's contention that the work it performed, and the equipment and material it furnished, was on a time and materials cost basis.

On Brickmans' appeal, their first exception is that there was no evidence to support the finding that the invoices submitted by Cass-Warner were in an amount as agreed to be paid by the Brickmans. They claim the record is devoid of any evidence as to the specific rates or amounts of payment agreed upon between the parties. It is plain from what we have said that this exception cannot be sustained.

This brings us to the question of damages raised by appellant Cass-Warner. It contends the trial court erroneously used the reasonable value of the services rendered as the measure of its damages.

By Findings Nos. 2 through 5 the court found "that the reasonable value of that dredging (suction) was $8,627.00"; "that a reasonable value" was "$5,040.00 for the bulkhead"; "that a reasonable value for those miscellaneous services would be $2,000.00"; and "that the specifications for this job were so loose that the court could not find any more than the reasonable value of services rendered by Cass-Warner Corporation to Brickman." The court found "for Brickman

as offset against the total invoices $23,239.12, payments of $7,918.32, and additional credits in the amount of $7,572.12."

The basis on which the court found reasonable value of the services rendered was its statement in Finding No. 5 "That the specifications for this job were so loose." The findings do not show what was "loose" about the work to be done. There is evidence that as the work progressed some changes were made particularly in the materials used as they were lower in cost. But there is no evidence, nor is any claim asserted, that the rates agreed upon for work requested to be done were ever altered, modified or rescinded by the parties.

■ In giving its reason for resorting to the use of "reasonable value," the court overlooked its determination that the contract "was initially a time and materials contract" and that the charges "are proper." If the agreement was on a time and materials basis initially, it remained as such until the evidence proved that the rate schedules had been altered, modified or rescinded by the parties. There is no finding to this effect.

Where there is a specific contract for services, but the plaintiff in an action to recover compensation for services rendered in performance has declared on the common counts and proved performance, the amount recoverable is measured by the compensation fixed by the contract. 58 Am., Jur., Work and Labor, §33.

In *Sharon Herald Co.* v. *Mercer County*, 132 Pa. Super. 245, 200 Atl. 880, the court held that "When, as here, an action is based upon quantum meruit, the defendant may show, if he can, an express contract to pay a specified price for the services rendered. *Guyon* v. *Schuylkill Forge Co.*, 276 Pa. 350, 120 Atl. 279." (P. 885 Atl.)

■ Cass-Warner established by adequate proof that it entered upon the project at the request of the Brickmans, performed services and furnished materials in connection with it at rates agreed upon for its compensation and had not been paid in full. The findings determine that it did so. And this case was tried upon that theory. In this posture of the case it was error for the court to measure Cass-Warner's damages by the reasonable value of the services rendered. Such rule of damages has no legal application here. *Peist* v. *Richmond*, supra; *Booth* v. *Tyson*, 15 Vt. 515.

■ The findings as to the reasonable value of the work and the offset credit based thereon are unsupportable as a matter of law and

are not binding on review by this court. *Forslund* v. *Cookman,* 125 Vt. 112, 114, 211 A.2d 190.

The court by its findings of reasonable value substituted a quasi contract, or an implied promise by Brickmans to pay the reasonable value for the work, and not at the agreed rates of payment. Only where the express contract is silent can an implied contract arise. Furthermore, the parties had already acted upon the contract.

The Brickmans contend by their exception that there is a lack of support in the evidence for the finding "the bulkhead was 252 feet in length and that a reasonable value would have been $20.00 per foot, or $5,040.00." In view of the ruling above, this finding is immaterial as it has no affect on the result and therefore requires no consideration. *In re Hathorn's Transportation Co., Inc.,* 121 Vt. 349, 356-7, 158 A.2d 464. There is no merit in the exception.

The Brickmans claimed in their writ the bulkhead was so improperly designed and constructed that it was inadequate and must be reconstructed. Supplemental Finding No. 1 in part is: "the Court cannot find the bulkhead in fact was improperly constructed." Our search of the record discloses that there is substantial evidence to support this finding. In addition, the court took a view of the premises. The court could use any knowledge thus acquired along with all other evidence in the case in making its findings. *Daigle & LaRocque* v. *Conley,* 121 Vt. 305, 309, 155 A.2d 744. It was for the court to resolve any conflicts in the evidence. The allegations made were not established by the evidence.

Cass-Warner brought its suit to recover the balance due on its weekly invoices covering the time spent on the job. The court found this balance was $15,320.80 which established the non-payment of the four invoices of June 3-23. The Brickmans were in default as early as one week after June 3. While this provided good reason for Cass-Warner to cease further work, it continued operations until June 23 which gave the Brickmans a reasonable time to meet their obligations to Cass-Warner.

The failure of the Brickmans to pay the weekly invoices in accordance with the agreement was a breach which went to the essence of the agreement. *Peist* v. *Richmond, supra.*

The Brickmans excepted to that portion of Finding No. 2 reading "the suction dredging was properly done." They contend that the evi-

dence clearly shows that it was improperly and inadequately done. The only argument made in their brief on this exception rests on the claim that dredging to 6 feet was required but, where done, it was only 4 feet. They allege in their complaint that Cass-Warner did not dredge the areas designated to the depths agreed upon, so that the contemplated use of said waters by boats drawing more than 3 feet is not feasible.

We have examined the evidence in the transcript referred to in their brief but it does not admit to the conclusion that an agreement was made which required dredging to 6 feet. It only shows that Mr. Brickman "understood 6 feet" and that there was conversation about the cost of the job which included dredging out the whole harbor of 6 feet. Mr. Brickman said what he had in mind was a marina to accommodate a craft of over 40 feet, meaning large boats which would come up from New York and Boston.

Mr. Warner testified that the agreement was "dredge per day and rate per day" and that there was no agreement "on the amount to be dredged." He also testified that the use of the bulkhead was not to dock large ships and was to make a terrace for part of the area. Furthermore, the invoice for the week of June 13-18, Plaintiff's Exhibit #7, shows the dredging operation was still in progress at the time the work ceased because of the default of the Brickmans.

The exception to this finding is without merit.

It is apparent that Cass-Warner has performed its part of the contract in accordance with the Brickmans' request and at the rates previously agreed upon. It has been prevented from further or full performance only by failure of the Brickmans to pay for the work as it progressed. As far as the plaintiff is concerned, there is nothing remaining to be done on its part except to receive from the defendants the compensation stipulated in the agreement.

[█ The breach by the Brickmans operated as an external condition subsequent, and entitled Cass-Warner to be relieved from further performance on its part. As it performed according to the terms of the agreement, it is entitled to recover compensation for what it did thereunder. *Rioux* v. *Ryegate Brick Co.*, 72 Vt. 148, 155, 47 Atl. 406; *Chamberlin* v. *Scott*, 33 Vt. 80.

The court allowed the Brickmans as an "offset" the sum of $7,572.12. This is the difference between the total amount of the invoices and the total amount found as the reasonable value of the ser-

vices. The court by its several findings resolved the issue of work being improperly done against the Brickmans, so that the right to recover damages on their counter-suit has been adjudicated. Under these circumstances the doctrine that the plaintiff is entitled to recover only what the work and services performed is reasonably worth, has no application.

On the views above expressed, the judgment entered for the plaintiff to recover $7,748.68 was error and must be reversed. Since the two cases (No. 370, 371) were consolidated in the court below, only a single judgment is necessary to dispose of both.

*Judgment is reversed; judgment to be entered for the plaintiff Cass-Warner in the sum of $15,320.80, plus interest and costs.*