## Richard & Ardelle Villeneuve v. Commissioner of Taxes and Town of Underhill

[264 A.2d 774]

No. 115-69

Present: **Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed April 7, 1970

*Gravel, Bing & Shea,* Burlington, for Petitioners.

*James M. Jeffords,* Attorney General·and *H. Russell Morss, Jr.,* Assistant Attorney General for Commissioner of Taxes.

*Eric A. Schuppin,* Essex Junction, for Town of Underhill.

**Keyser, J.** This is a petition for a writ of *certiorari* to review the findings of the Chittenden County Board of Tax Appraisers relating to the 1968 tax appraisal of certain real estate owned by the petitioners in the Town of Underhill. The petition is met by motions to dismiss filed by the Commissioner of Taxes and by said Town of Underhill, a party in interest to the proceeding.

The petitioners brought a like petition to this Court on April 9, 1969, docket No. 54-69, with the Town of Underhill as the only named petitionee. See 127 Vt. 620, 256 A.2d 455. We there held that a petition for writ of *certiorari* brought to review the action of the county board of tax appraisers on an appeal to the tax commissioner must be directed to the commissioner of taxes as the record is in his custody. 32 V.S.A. § 4450. The tax commissioner was not made a party to the petition in that case. Accordingly, the call of the writ could not be satisfied and dismissal of the petition was ordered.

In the instant case the tax commissioner and Town of Underhill are each made parties to the action. There is no variance between the petition now presented and the one in the case previously before us noted *supra.* The petition recites the same statement of the case, the same questions for review, the same reasons for granting the writ and the same conclusion.

██ The petition states: "This appeal is confined to the so-called Ratte Lot." The listers carried this parcel into the grand list at 100 acres whereas the petitioners contended it contained only 84 acres. This raised a question of fact to be determined by the county board of tax appraisers on the petitioners' appeal to the tax commissioner. Resolution of controverted issues of fact is the responsibility of the trier of facts subject only that such determination had appropriate evidentiary support. This issue was decided adversely to the petitioners and we find no basis in the record for disturbing this finding. We are bound to confirm this result unless, as a matter of law, it is unsupportable. *Forslund* v. *Cookman,* 125 Vt. 112, 114, 211 A.2d 190.

█ Again, as we said in our opinion in the former case —"The writ brings for review only substantial questions of law affecting the merits of the case which involves the judicial action of bodies exercising judicial functions." See also *In re Petition of Town of Essex,* 125 Vt. 170, 212 A.2d 623.

Although the petitioners state that their appeal is confined to the Ratte lot, they list several other questions in their petition which they claim are presented for review. These questions do not involve substantial questions of law. Rather, they relate solely to matters of fact.

We refer to one of the questions raised, namely, that the county board erroneously found that the town officers determined the total appraised, or fair market, value of the petitioners' property for 1968 was $23,900. When the case was here before we stated that this valuation was not supported by the exhibits in the record. However, the facts as now presented show this conclusion to be in error. It appears that the listers' appraised valuation was $23,400 on 14 parcels of land owned personally by the petitioners. The record indicates that the county board considered in the appeal not only those parcels but also a lot owned by Green Mountain Lumber Company, (owned by the petitioners). This parcel was appraised at $500 which when added to the listers' valuation of $23,400 on the personally owned parcels equals the appraised value of $23,900. The fair inference from the facts is that the determination of the county board determined that the fair market value was $23,900 for all the real estate was on this basis. This supports the finding of the county board "that the estimated values placed on the subject property by the Underhill Listers are fair and reasonable at $23,900."

The remaining questions presented for review by the petition concern strictly factual situations and not substantial questions of law. Our holding in the prior action that "The facts stated in the petition are insufficient to authorize in our discretion the issuance of the writ" controls the disposition of this case.

*Petition dismissed.*