**William F. Grady v. Union School District No. 32, Montpelier, Vermont, et al.**

[367 A.2d 690]

No. 197-75

Present: Barney, C.J., Daley, Larrow and Billings, JJ. and Shangraw, C.J. (Ret.), Specially Assigned

Opinion Filed December 7, 1976

**Billings, J.** This is an appeal from a judgment order of the Washington Superior Court in a contract action. Judgment was ordered in the amount of $1,333.33 with interest.

The plaintiff-appellee contracted in May, 1970, to serve as principal of Union School District No. 32 for a twelve-month period with one month's vacation at a salary of $16,000.00. During the contract period (July 1, 1970–June 30, 1971), the school buildings were under construction, and the entire educational program, from curriculum to hiring, was under development with a projected opening date for this new school in September, 1971. No vacation was taken by appellee; he worked continuously into the period of his subsequent contract as principal for the following year. The judgment sought was for payment of salary for services rendered in lieu of vacation time not taken.

The findings of fact of the Washington Superior Court make clear the existence of an express contract, and the evidence completely supports the findings. The contract provided in part as follows:

2. The period of service shall begin July 1, 1970 and continue for 12 months with one month's vacation.

3. The Principal's salary shall be $16,000.

The matter of vacation, or pay in lieu thereof, is specifically controlled by the contract language, and the appellee is entitled to no more than a salary of $16,000.

In the alternative, the appellee seeks recovery on a quasi-contractual basis. He essentially argues for an implied contract, *i.e.* rendering of beneficial services under circumstances where acceptance implies knowledge that such services were not rendered gratuitously. He relies primarily on a theory that he was factually not a volunteer in rendering these additional services.

Our conclusion about the express nature of the contract negates any support for a theory of implied contract by silence. In addition, in view of the findings of fact and the lack of evidence to support expectation of payment or requests for payment, quasi-contractual obligations are not proved. *Cass-Warner* v. *Brickman*, 126 Vt. 329, 336, 229 A.2d 309 (1967).

The trial court found that he did not voluntarily relinquish his vacation and that he alone could make the decision whether the school development project could afford the loss of his supervisory and planning services for a one-month vacation period. These findings are inconsistent with the undisputed evidence and cannot stand.

*Reversed; judgment entered for the defendant.*