## Mt. Mansfield Television, Inc. v. Town of Stowe

[407 A.2d 172]

No. 125-78

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed September 17, 1979

Motion for Reargument Denied October 3, 1979

*Sheehey & Brue,* Burlington, for Plaintiff.

*Richard C. Sargent,* Morrisville, for Defendant.

**Hill, J.** The appellant, Mt. Mansfield Television, Inc., filed an inventory with the Board of Listers of the Town of Stowe for 1977 which reported personal property having a fair market value of $87,346.00. The Board increased the valuation to $300,000.00. An appeal by the taxpayer to the Board of Civil Authority resulted in a reduction of that value to $150,000.00. The taxpayer then appealed to the Director of the Division of Property Valuation and Review as authorized by 32 V.S.A. § 4461. The Director appointed a board of appraisers under 32 V.S.A. § 4465, and the Board conducted a de novo hearing and issued findings as required by 32 V.S.A. § 4467. The taxpayer now appeals to this Court from that Board's determination that the fair market value of its personal property is $194,500.00.

The briefs filed by the parties and the questions certified to us by the Director under V.R.A.P. 13[1] make a detailed statement of facts unnecessary and demonstrate that this dispute revolves around a single legal issue: whether in discharging its statutory duty to determine fair market value, the Board erred by adopting the appraisal of the Town's expert witness which was based on original cost—trended

---

[1] The questions are:

    1) On the basis of the record, was the method of appraisal adopted by the State Board of Tax Appraisers an appropriate method for the determination of the fair market value of the appellant's property?

    2) On the basis of the record, was the method of appraisal advocated by the appellant an appropriate method for the determination of the fair market value of the appellant's property?

to reflect current reproduction cost—less depreciation. We hold that it did not and affirm.

The taxable property involved here is the transmitting facility that forms an integral part of the television station owned and operated by the appellant. The station's offices and studios are located in South Burlington, and the transmitting equipment is located near the summit of Mt. Mansfield in the Town of Stowe.

The appraiser who testified for the appellant stated that there is a market in which equipment of the type in use on the mountain can be bought or sold, new or used, and his appraisal was based on what the appellant would get for its equipment were it to be sold piecemeal in that market. He also testified that the cost of replacing the equipment was not a valid basis for determining fair market value because the equipment would likely be replaced with some considerably more advanced and, presumably, more expensive.

The Town's appraiser, however, testified that the property should be valued at what it could be sold for on the open market as a functioning transmitting station. He acknowledged that his figures did not represent what the equipment could be sold for in the electronics market. He treated it as only a portion of the whole business and determined its contributory value to the value of the entire television station, excluding intangibles such as the station's income earning potential and its license to operate from the Federal Communications Commission.

The Board indicated its disagreement with the appellant's theory of the case and repeatedly invited him to submit evidence of the property's fair market value as a functioning transmitting station. He refused to do so, insisting that the property had to be valued with reference to what it could be sold for piecemeal in the electronics market. The Board then accepted the appraisal of the Town's expert witness, who relied on our ruling in *New England Power Co.* v. *Town of Barnet,* 134 Vt. 498, 367 A.2d 1363 (1976), as the most adequate method of determining fair market value. We find no error in this ruling.

In our judgment the principles of *New England Power Co.* v. *Town of Barnet, supra,* govern the case at bar. There

we held that the establishment of fair market value as the standard of valuation for tax purposes presupposes a market, but where only a part of an integrated system is involved and the owner enjoys a lawful monopoly, this presupposition is of dubious validity since finding an actual buyer is difficult if not impossible. *Id.* at 505, 367 A.2d at 1368. A holding that specific purpose or unique properties have no market value, however, would allow such property to escape its just share of the tax burden. *Id.* To avoid this, we indicated that it is appropriate to consider all factors calculated to influence an *assumed* buyer and seller in a *free market,* and we approved the original cost less depreciation approach as one method of determining the property's fair market value, provided original cost is indexed to reflect current reproduction cost. *Id.* at 505–06, 367 A.2d at 1368.

The appellant makes two points in his attempt to distinguish *New England Power* from the instant case, but we find the effort unpersuasive. His first point is that *New England Power* involved real and not personal property, but 32 V.S.A. § 3481 requires that *all* property be appraised at fair market value and does not draw the distinction he now relies on. We certainly perceive no basis for such a distinction, and the appellant has offered none.

■ The appellant's second point is that *New England Power* does not apply because, as his expert witness testified, there exists a market in which equipment of the type in use on the mountain can be bought and sold, new or used. In our opinion, this argument ignores the fundamental point of *New England Power*. This transmitting equipment is unique personal property, and its value stems chiefly from its role as part of an integrated system. Market barriers imposed by governmental regulation—like those associated with a monopoly—foreclose the possibility of appraising this property on the basis of comparables, and ascertaining its contributory value to the value of the television station as a whole, excluding intangibles, of course, is an appropriate way of determining what an assumed buyer would purchase it for as an operational transmitting station. Of course, this does not mean that the method employed by the Board in this case is the only appropriate measure of fair market value. We rejected

that argument in *New England Power* and declined "to outline all the elements and appraisal approaches which may be utilized in arriving at fair market valuation. They are appropriate subjects for expert testimony . . . ." 134 Vt. at 505, 367 A.2d at 1368. But it was the duty of the Board to resolve the conflicting testimony of the experts, see *id.; Villeneuve* v. *Commissioner of Taxes,* 128 Vt. 356, 357, 264 A.2d 774, 775 (1970), and, given the appellant's refusal to address the Board's theory of the case, we cannot say that it erred in doing so.

*The first certified question is answered in the affirmative; the second in the negative.*

